

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



**FILED**

OCT 0 6 2023

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

---

Cary (Cassel)

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

City of Pryor, Pryor Police
Officer couch, Sgt Tramel,
Justin Allen Detective

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Non-Prisoner Complaint)

Case No. 23 CV - 4 3 1 GKF - SH

*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes ☐ No

*(check one)*

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files. Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number. A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an
application to proceed in *forma pauperis*.

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach
additional pages if needed.

| | |
|---|---|
| Name | Cary Cassel |
| Street Address | 705 SE 14th St |
| City and County | Pryor, OK Mayes |
| State and Zip Code | Oklahoma 74361 |
| Telephone Number | (918) 902-8916 |
| E-mail Address | Casselcary@ymail.com |

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint,
whether the defendant is an individual, a government agency, an organization, or
a corporation. For an individual defendant, include the person's job or title (if
known) and check whether you are bringing this complaint against them in their
individual capacity or official capacity, or both. Attach additional pages if
needed.

Defendant No. 1

| | |
|---|---|
| Name | Justin Allen |
| Job or Title (if known) | Detective Pryor Police |
| Street Address | 504 E Graham Ave |
| City and County | Pryor, Mayes |
| State and Zip Code | Oklahoma, 74361 |
| Telephone Number | 918 825 1212 |
| E-mail Address (if known) | allenj@pryorcreek.org |

☐ Individual capacity     ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Captain Kevin Tramel |
| Job or Title | Captain Pryor Police |

ProSe-05

(if known)

Street Address    504 East Graham Ave

City and County    Pryor, Mayes

State and Zip Code    Oklahoma, 74361

Telephone Number    918 825 1212

E-mail Address    Tramelk@pryorcreek.org
(if known)

☐ Individual capacity    ☑ Official capacity

**Defendant No. 3**

Name    Justin Couch

Job or Title    Assistant Chief Pryor Police
(if known)

Street Address    504 East Graham Ave

City and County    Pryor, Mayes

State and Zip Code    Oklahoma, 74361

Telephone Number    918 825 1212

E-mail Address    Couchj@pryorcreek.org
(if known)

☐ Individual capacity    ☑ Official capacity

**Defendant No. 4**

Name    _____

Job or Title    _____
(if known)

Street Address    _____

City and County    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____
(if known)

☐ Individual capacity    ☐ Official capacity

ProSe-05

II.    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐  Federal officials (a *Bivens* claim)

☑  State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Section 242 of title 18 deprive a privilege protection of US
(1) Complaints (Pryor Police acting under color of state law)
(2) Deprived a person of rights, privilege,
Yang v. Hardin

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

• Several complaints ignored or failure to investigate
with undeniable proofs proof & Exhibits.
• Several occasions over 4 years. With supervisors
Police Misconduct, hiding reports, or failing
to investigate. Failing to take police reports.

4

### III. Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Pryor, Oklahoma
Mayes county Courts
Pryor Police Station

B.    What date and approximate time did the events giving rise to your claim(s) occur?

March, 4, 21

March 5,21 March 8,21   March 14,21, March 21, 21, March 22, 21
March 24,21, March 25,21   May 3 2021, May 12, 2021
May 15 2021, Sept 21, 23, Sept 23,23, Sept. 24 2023

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

Theft, Estate Fraud, False claims of murder,
Embezzelment, Contempt of court conceal ment,
Conversion of Property $150,000 —
Defemation of Character, Emotional damaged
distress.
Abuse of Process, Malicious Prosecution,
due to Failure to intervene or
Investigate

egregious   Defamation of Character, Emotional distress,
Egregious Estate Fraud,

*→ Police Failing in a dual investigation with Aps.
2x self neglected vulnerable adults Mary Jane Wood &
Corroll Wood (Deceased)

* Police Miscategorised Criminal actions of Misty Lane
Making False Statements to State agencies. For Exploitation
Financial
Perjury   ProSe-05 and Neglect. To guide egregious estate Fraud. It allowed
Abuse of process & Fraud from Malicious Prosecution from Lane.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Severe emotional damages for 4 years.
to Interact with public. Suisidal Ideations.
Homicidal Ideations, humiliation. Family
discourse. Work prevention. Major depression
Harassment from Lane - Vexatious litigation.
Harressment from Lane - failure to file assult
charges on Lane.
several witnessed this travesty.
Mandatory reporting Failure in a dual investigation. For

## V.    Relief  Prosecution of misty Lane.

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

$425,000 Based on the Estate.
$200,000 Based on 4 years of distress
$150,000 Based on Work
$150,000 Based on Harassment allowed
$500,000 Compensatory & Punitive damages

$400,000 Actual damages

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

ProSe-05

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/26 , 2023

Signature of Plaintiff _____

Printed Name of Plaintiff    Cary  Cassel

**B.    For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of ~~Attorney~~ Pro Se    Cary  Cassel

~~Bar Number~~ _____

~~Name of Law Firm~~ _____

Address    705  SE  14th  St,

Telephone Number    918  902  8916

E-mail Address    Casselcary @ ymail.com

Continued - Police Misconduct by Allen.
   Bare bones reports, Missclassify civil, Fabricating Evidence
Tampering with evidence, Lying on Police reports,
   Mishandling evidence, Witness Intimidation

ProSe-05

## Conflict 2 clients.

From: Cary Cassel (casselcary@ymail.com)

To: cmcbride@lawyersofoklahoma.com

Date: Wednesday, October 4, 2023 at 10:02 AM CDT


Mr McBride, I believe you have a conflict. I am Filing a 42 § 1983 case with Federal Court.

On City Of Pryor and Pryor Police. For Failure to Intervene and Damages from Misty Lane For Vicarious Harassment with Vexatious Litigation. With Egregious Estate Fraud, Defamation Of Character and Emotional Distress. Please look at the attachments. Or the FOrwarded Email to local police.

Did the City manager get ahold of you yet?

**Best Regards,**

*x__Cary Cassel__*

Cary Cassel
705 SE 14th St
Pryor, Oklahoma
74361
918-902-8916

## 42 US Code 1983

From:  Cary Cassel (casselcary@ymail.com)

To:  couchj@pryorcreek.org; allenj@pryorcreek.org; tramelk@pryorcreek.org

Date:  Wednesday, October 4, 2023 at 09:56 AM CDT

Notice of Lawsuit  ,  I am Filing a Lawsuit based on failure to Investigate,  Failure to Intervene.    In Connection to Misty Lane over 4 years to current

  This case  has Allowed Vexatious Litigation with Vicarious Harassment from Misty Lane   for  Egregious Defamation of Character and Emotional Distress.    With Abuse Of Process and Egregious Estate Fraud.    For Over $250,000.00  and  $150,000.00    =   $400,000.00  Real Damages.  Breach Of Mental Health Records 26  US code  §   Unauthorised Disclosure of Information.

From Sgt Tramel,  Detective Justin Allen,  and Assistant Chief Couch.  as Supervisor of  Detective Justin Allen.

***Best Regards,***

*x__Cary Cassel__*

Cary Cassel
705 SE 14th St
Pryor, Oklahoma
74361
918-902-8916

  affidavit to court on Breach of mental health records.pdf
1.3MB

  letter to judge gore 10-2-23.pdf
11.3MB

  Complaint to OCr and HHS Misty Lane.pdf
2MB

  ceast and desist in Federal Court.pdf
2.6MB

**Pryor Police Department**
**Voluntary Statement**

Case #_____                    Page No.    of    Pages

(Print Your Name)  I, _Cary Cassel_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to **Pryor Police Department.** Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| First Name: Cary | Middle Name: Don | Last Name: Cassel |
|---|---|---|
| Date of Birth: 12  2  70 | Address: 705 SE 14th St | City/State/zip: Pryor OK 74361 |
| Driver's License #: 004884915 | SSN#: 447 70 7928 | Phone #: 912-902-8916 |
| Tag #: | VIN #: | ALT Phone #: |

   I Cary Cassel have Attached a report with evidence and exhibits to be investigate as a crime.

• According to 28 USC § 1346 waives soverign immunity for claims of personal injury or death caused by the federal gov. Negligance.

• According to 28 USC § 2671-2680 allows individuals to file a claim with the gov. for reimborsement for (injury) or damage caused by a federal employee acting within their official duties.

• 42 USC 1983 Failure to Intervene. Color of Law.

Complaint again with proof exhibits & evidence I belive there is also obstruction involved. The direct proof of this has already been ask for. Mr Allen continues to make claims of civil or different jurisdiction. Without investigations. He claims to call DA and others. I will send this so others

I certify that the information I have given to law enforcement authorities in the above referenced case is accurate and truthful to the best of my knowledge. I am aware that, if I provide false information to any law enforcement officer regarding the above referenced investigation, I may be prosecuted for a criminal offense. Crimes with which I could be charged may include, but are not limited to, Providing a False Report of a Crime Purportedly Committed (21 O.S. § 589) and Perjury (21 O.S. § 491), both of which are punishable by a fine and/or imprisonment. I may also be financially obligated to reimburse each law enforcement agency for their time and other expenses incurred as a result of my false accusations and/or information. I also understand that the obligation to provide accurate and truthful information is a continuing responsibility which remains constant throughout the investigation of the case and prosecution of any suspects.

Date  9-24-23                    Signature ___Cary Cl___

**Pryor Police Department**
**Voluntary Statement**

Case # _____                           Page No.___ of___ Pages

(Print Your Name) I,__Cary Cassel____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to **Pryor Police Department.** Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| First Name: CAry | Middle Name: DON | Last Name: Cassel |
|---|---|---|
| Date of Birth: 12 2 70 | Address: 705 SE 14th St | City/State/zip: Pryor OK 74361 |
| Driver's License #: 004884915 | SSN#: 447 70 7928 | Phone #: 912-902-8916 |
| Tag #: | VIN #: | ALT Phone #: |

I Cary Cassel have Attached a report with evidence and exhibits to be investigate as a crime.

• According to 28 USC § 1346 waives soveeign immonity for claims of personal injury or death caused by the federal gov. Negligance.

• According to 28 USC § 2671-2680 allows indoviduals to file a claim with the gov. for reimborsement for (injury) or damage caused by a federal employee acting within their official duties.

• 42 USC 1983 Failure to Intervene. Color of Law.

Complaint again with proof exhibits + evidence. I belive there is also obstruction involved. The direct proof of this has already been ask for. Mr Allen continues to make cleims of civil or different jorisdiction. Without Investigations. He cleims to call DA and others. I will send this to others

I certify that the information I have given to law enforcement authorities in the above referenced case is accurate and truthful to the best of my knowledge. I am aware that, if I provide false information to any law enforcement officer regarding the above referenced investigation, I may be prosecuted for a criminal offense. Crimes with which I could be charged may include, but are not limited to, Providing a False Report of a Crime Purportedly Committed (21 O.S. § 589) and Perjury (21 O.S. § 491), both of which are punishable by a fine and/or imprisonment. I may also be financially obligated to reimburse each law enforcement agency for their time and other expenses incurred as a result of my false accusations and/or information. I also understand that the obligation to provide accurate and truthful information is a continuing responsibility which remains constant throughout the investigation of the case and prosecution of any suspects.

Date_9-24-23_          Signature_____



**Pryor Police Department**
**Voluntary Statement**

Case # _____                                          Page No. ___ of ___ Pages

(Print Your Name) I, _Cary Cassel_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to **Pryor Police Department.** Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| First Name: Cary | Middle Name: Don | Last Name: Cassel |
|---|---|---|
| Date of Birth: 12 2 70 | Address: 705 SE 14th St. | City/State/zip: Pryor, OK 74361 |
| Driver's License #: | SSN#: 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 | Phone #: 918-902-8916 |
| Tag #: | VIN #: | ALT Phone #: |

I spoke to Justin Allen on 9-21-23 on a report of embezzlement from Misty Lane on PB-2019-35 (he mentioned in the lobby about this being civil)(or another jurisdiction) I spoke to the police department in Escambia County Pensacola Florida. They told me its where the courts gave Misty Lane Authority. I tried to contact today and was blown off. They said reaching him by email is best. I am now contacting his supervisor on a possible misconduct (failing to investigate a financial crime)(under color of law)
• Violations of the 14th amendment a deprivation of Constitutional rights for Cary Cassel.
• I contacted Assistant Chief couch 9/21/23. Left a message. I will now send a certified letter. With Notice of Possible failing to investigate, failure to intervene. (officers have a affirmative duty to protect individuals from constitutional violations by fellow officers) Yang v Hardin, 37 F.3d 282, 284 (7th Cir. 1994)

I certify that the information I have given to law enforcement authorities in the above referenced case is accurate and truthful to the best of my knowledge. I am aware that, if I provide false information to any law enforcement officer regarding the above referenced investigation, I may be prosecuted for a criminal offense. Crimes with which I could be charged may include, but are not limited to, Providing a False Report of a Crime Purportedly Committed (21 O.S. § 589) and Perjury (21 O.S. § 491), both of which are punishable by a fine and/or imprisonment. I may also be financially obligated to reimburse each law enforcement agency for their time and other expenses incurred as a result of my false accusations and/or information. I also understand that the obligation to provide accurate and truthful information is a continuing responsibility which remains constant throughout the investigation of the case and prosecution of any suspects.

Date___9-21-23_____          Signature _____



**Pryor Police Department**
**Voluntary Statement**

Case # _____                                    Page No.    of    Pages

(Print Your Name) I, Cory Cassel _____ am not under arrest for, nor am I being detained for any criminal
offenses concerning the events I am about to make known to **Pryor Police Department.** Without being accused of or questioned about
any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever
purposes it may serve. My information is accurate as listed here:

| First Name: Cory | Middle Name: Don | Last Name: Cassel |
|---|---|---|
| Date of Birth: 12  2  70 | Address: 705 SE 14th St. | City/State/zip: Pryor, OR |
| Driver's License #: P004884915 | SSN#: 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 | Phone #: 918-902-8916 |
| Tag #: | VIN #: | ALT Phone #: |

I Cory Cassel can show Cash missing and
items Totalling over #150,000.00 Taken from
Misty Lane 1204 Wisteria Ave. Pensecoh, FL.
32507
Embezzelment of over $70,000.00 Cash. But, a
Current accounting shows (No) reciepts or
Spending from Misty Lanes submitted bank accouts
to be concealed. Judge Gore on information
of Waste & mismangement (Longtime) removed Lanes
letters.
Which puts in question, where did everything go.
A Law suit for conversion CJ-2023-00126
8-7-23 has been filed.
Bank statements from Misty Lane under oath
show inconsistand credits & debits.
It also does not show dates or years missing.
Last Known date shows over $151,000.00 missing
in cash
Spoke to officer Allen on 9-20-23 who says
he will speak to District Attorney on Jurisdiction.
Of Lanes administration & embezzelment, it could be
florida.

I certify that the information I have given to law enforcement authorities in the above referenced case is accurate and truthful to the best of
my knowledge. I am aware that, if I provide false information to any law enforcement officer regarding the above referenced investigation, I
may be prosecuted for a criminal offense. Crimes with which I could be charged may include, but are not limited to, Providing a False
Report of a Crime Purportedly Committed (21 O.S. § 589) and Perjury (21 O.S. § 491), both of which are punishable by a fine and/or
imprisonment. I may also be financially obligated to reimburse each law enforcement agency for their time and other expenses incurred as a
result of my false accusations and/or information. I also understand that the obligation to provide accurate and truthful information is a
continuing responsibility which remains constant throughout the investigation of the case and prosecution of any suspects.

Date 9/20/23 _____        Signature _____



# Single Dispatch Detail Report
## Include Comments

## PRYOR POLICE DEPARTMENT

**Dispatcher ID#:** 113

**Date:** 8/20/2019

**CFS#:** 2382622

**Signal Desc:** DOMESTIC DISTURBANCE

**Source:** PHONE

**Veh Lic Plate:**

**Phone:** (000)825-4550

**Apt#:**

**Dist:**

**Location:** 1525 1ST NE
**Business:** STEPHENS MEMORIAL CHAPEL

**Caller:** , TARA

**Apt#:**

**Phone:** (918) -

**Address:**
**C/S/Z:** PRYOR, OK 74361

**Time Received:** 10:59
**Time Dispatched:** 11:07
**Time Arrived:** 11:07
**Time Cleared:** 11:25

**Response Time:** 8 Min.
**Total Time:** 26 Min.

**Unit:** 19    **Off ID:** 19    HUMPHREY, TRENT
**Unit:** 40    **Off ID:** 40    ALLEN, JUSTIN
**Unit:** 41    **Off ID:** 41    VANCE, JARED

**Incident:** No
**Disp. Desc.:** CALL ATTENDED

**Comments:**
11:00:13 (113) —— RP IS REQ AN OFFICER // ADV THERE IS A VERBAL DISPUTE BETWEEN SIBLINGS
11:24:55 (113) —— #40 ADV 10-98

(Misty)



✗ Wanting body exumed

✗ Sister had officers at Funeral to open up Jewelry boxes w/ no value.

8-20-19

$ 21-281 False Reporting

Misty Called Police downgraded

- Moms Tax accountant was there with misty

✗ accountant withholding 5 yrs of back taxes not filed.



## Single Dispatch Detail Report
### Include Comments

**PRYOR POLICE DEPARTMENT**

| | | |
|---|---|---|
| **Date:** 8/19/2019 | **CFS#:** 2382593 | **Dispatcher ID#:** 113 |
| **Signal Desc:** OTHER CALLS | **Veh Lic Plate:** | **Phone:** (000)825-1212 |
| **Source:** PHONE | | **Apt#:** **Dist:** |
| **Location:** 214 MILL S | | |
| **Business:** PRYOR POLICE DEPARTMENT | | |

| | | |
|---|---|---|
| **Caller:** LANE, MISTY | **Apt#:** | **Phone:** (850)607-4953 |
| **Address:** | | |
| **C/S/Z:** PRYOR, OK 74361 | | |

| | | |
|---|---|---|
| **Time Received:** 17:33 | | |
| **Time Dispatched:** 17:57 | **Response Time:** 25 Min. | |
| **Time Arrived:** 17:58 | **Total Time:** 40 Min. | |
| **Time Cleared:** 18:13 | | |

| | | |
|---|---|---|
| **Unit:** 34  **Off ID:** 34   GARRETT, SCOTT | **Incident:** No | |
| **Unit:**  **Off ID:** | **Disp. Desc.:** CALL ATTENDED | |
| **Unit:**  **Off ID:** | | |

**Comments:**
17:37:31 (113) ---- RP DROVE ALL THE WAY FROM FLORIDA FOR HER MOTHERS FUNERAL AND IS WANTING TO SPEAK TO AN OFFICER ABOUT OPENING UP A DEATH INVESTIGATION ON HER MOTHER DUE TO HER SUSPECTING FOUL PLAY

*8-19-19.*

*Day of funeral*
*before*

*§ 21-281   False Reporting of crime*
*asking for action*

*• False Reporting of serios*
*offense for malicious prosecution.*
*Police knew it was wrong I'm sure. But I*
*showed police mom was on hospice & misty knew. I asked*

5-8-2021



**Pryor Police Department**
**Voluntary Statement**

Case # 2405178



Page No. 1 of 2 Pages

_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to Pryor Police Department. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 1970 | Address: 705 S E. 14th St. | Phone #: 918 902 8916 |
|---|---|---|
| Driver's License #: 004884915 | | SSN: 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 |

— Deprivation of rights under the
Color of Law statutes section 242
of title 18 makes it a crime to
willfully deprive a person of a
right or priveledge protected
by the constitution of laws of
U.S.
— To use victim reports as adverse(al)
by the Color of law statues.
— Police reporting as adviserial due
to family dynamics that were
criminal Due to state
Aps Protective services and petition
Not filed by Monroe Alexander in
2019 on self-neglect cases and incapacitation.
— The failure to file 43A-10-108 to
engauge all state mandatory reporting for vulnerable
adults. To district attorney, local police, district
court of PG-2019-16.
— I has allowed Misty Lane to use lack of
communication from Aps state agency criminal cases
to Police, D.A., District court to protect transperancy
of previous state cases from being used from a

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-8-2021    Signature _____

Witness 5-8-2021    Witness _____

Perpatraiton trying to control vulnerable adult estate.
Plus reduce to zero inheritance with fraud for
$275,000.00 for advantage in court.

5-8-2021



**Pryor Police Department**
**Voluntary Statement**

Case # 2705178

Page No. 1 of 2 Pages

I, Cory Cassel am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to **Pryor Police Department**. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 70 | Address: 705 S.E. 14th St. | Phone #: 918 902 8916 |
|---|---|---|
| Driver's License #: 004884915 | | SSN: 447797928 |

H — Failure to report abuse, neglect, exploitation
    10A O.S. § 1-2-101 and 43A O.S. § 10-104

— Terry Allen, Monroe Alexander

(2) 43A O.S. §10-104 willfully knowingly makes
a false report of abuse, neglect,
exploitation of a vulnerable adult may
be liable in a civil action for
damages and for punative damages
by the reported party

— Misty Lane on several occasions.
    I direct police reports

34012-3-33 Procedure for reporting suspected
abuse, neglect, verbal abuse, caretaker misconduct,
and exploitation.

(f) Interference, retaliction, or discrimination, related
to the reporting obligations required by the
Oklahoma Protective Services for vulnerable adults prohibited.

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5 8 2021    Signature Cory Cassel

Witness 5-8-2021    Witness Paula Cassel



5-8-2021

**Pryor Police Department**
**Voluntary Statement**

Case # 240517B

Page No. **2** of **2** Pages

_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to <u>Pryor Police Department</u>. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 1979 | Address: 705 S. E. 14th St | Phone #: 918 902 8916 |
| Driver's License #: 004 88 4915 | | SSN: 447 70 7928 |

With multiple false accusations (red flag)
Suppression of States cases (red flags)
Provision for protective services not filed
       340-5-5-6       (red flags)
- Aps using relative to take damages w/
proof
- Attorne Terry Allen working in direct
connection to Aps referral, 43A-10-104V2
- Not doing mandatory reporting.
- failing client due to several conflicts
of interest and duties.
- filing civil venue instead of protective
venue has allowed for this to go
on.
- This has allowed for a travesty
of Justice
- With criminal perp to go free
      Misty Lane

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-8-2021    Signature _____

Witness 5-8-2021    Witness _____

5-8-2021

(C)

ADD
Please

**Pryor Police Department**
**Voluntary Statement**

Case # 2405178 cf.

cc.
1-1

Page No. 2 of 2 Pages

I, Cary Cassel am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to <u>Pryor Police Department</u>. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 70 | Address: 405 S.E 14th St | Phone #: 918 902 8916 |
|---|---|---|
| Driver's License #: 004884915 | | SSN: 447 70 7928 |

→ I was alerted from Zack & Assistant district Attorney
that Pryor Police was not taking any more police
reports from Cary Cassel on different issues.
I would like the Department of Justice, OSBI,
FBI contacted for a internal investigation
on police misconduct facting in a systematic
manner for discrimination. Due to
Fraud from Misty Lane of Pensacola Florida.
Also lack of reporting crimes to district
attorney for probable cause.

→ 34 U.S.C § 12601 failing to Act due
to discrimintory harrassment. A pattern
of practise allowing Supervisor discretion
to allow other officers to violate conduct
to deprive a person of protected rights
by the Constitutional laws of the United
States. In many instances over the
last 1½ years. For Cassel family
to take serious erronious damages.

→ Failing to send reports for crimes of
probable cause. to the district attorney
Of state mendatory statues for vulnerable
adults guarded by state laws 43A 09 §10-104

I have read each page of this statement consisting of ___ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-8-2021    Signature Cary Cassel    (F)

Witness Paula Cassel 58-21    Witness Paula Cassel

Intervene, retaliations, or discrimination related
to the reporting obligations, Required by the
State Okla Protective Services for VA adults  prohibited

5-8-2021



**Pryor Police Department**
**Voluntary Statement**

Case # 240517B

Page No. 2 of 2 Pages

I, _____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to <u>Pryor Police Department</u>. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 70 | Address: 705 S.E. 44 #St | Phone #: 918 9028916 |
| Driver's License #: 004884915 | | SSN: 447 70 7928 |

— Terry Allen was ex attorney in
PC 2019-16   He was a
direct referral with information on
a state case for a vulnerable adult.

— Terry Allen failed to alert of
state case with abuse, neglect and exploitation
to local police, District attorney and
district court.

— On a near death vulnerable adult going
through Protective services with out
filing.

— He had a duty with direct knowledge to
lead to a "frame up" of
state emergency placements without Due
process

43A - 10 - 104 v2

Contact russel Jones  Regional Aps
director Okla city

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5. 8-21    Signature _____

Witness 5-8-2021    Witness _____

③

**Pryor Police Department**
**Voluntary Statement**

Case # _____

Page No. ____ of ___ Pages

I, Cory C_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to Pryor Police Department. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 70 | Address: 705 SE. 14th St. | Phone #: 918 902-8916 |
|---|---|---|
| Driver's License #: P004884915 | Pryor Ok 74361 | SSN: 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 |

• Lane failing to sign leases.
    * Cassel had to force Lane to Sign in Court.
    * Lane made leases impossible to sign.
    * Lane added language to discriminate by HUD violations on several occasions.
    * Lane failed to sign 3X times when Cassels had financing for home. Discrimination to the Fail Housing Authority Act.
    * Videos to prove discrimination by disabilites. (Mental health)
• Complaints sent to HUD recently
    * Retalliction
• Lane trying eviction during Covid.
    * memorandnum sent to Sheriff of Mays to twart off eviction.
• Lane Language in new agreement to hide and conceal theft, misappropriation, embezzelment, and grand theft.
• Failing to file final inventory.
• Failing to file Final accounting.

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 10 28 22    Signature _____

Witness _____    Witness _____

# MISTY J. LANE
### JUNE 24, 2021



MARK A. GROBER
MARK A. GROBER, ATTORNEY AT LAW
P.O. BOX 2733
830 N. MAIN STREET
MUSKOGEE, OK 74402

MISTY J. LANE
1204 WISTERIA AVENUE
PENSACOLA, FL 32507



JUNE 24, 2021

DEAR MS. LANE,

Re:   *Assignment #1 of Beneficial Interest*
      *The Estate of MARY JANE CASSEL WOOD*
      *Case No.:  PB-2019-00035*

Enclosed the following documents will be signed electronically by you and Inheritance Advanced LLC. We encourage you to review with legal counsel before signing should you see fit:

- MISTY J. LANE'S Assignment #1, Sale and Transfer of Beneficial Interest in Decedent's Estate to Inheritance Advanced, LLC.

The transaction selected by you is as follows:

| | |
|---|---:|
| Assignment to IA, if paid within 90 days | $24,000.00 |
| Cash payment to you | $20,000.00 |
| Total cost to you | $4,000.00 |
| | |
| Assignment to IA, if paid between 91 - 180 days | $28,000.00 |
| Cash payment to you | $20,000.00 |
| Total cost to you | $8,000.00 |
| | |
| Assignment to IA, if paid between 181 - 270 days | $32,000.00 |
| Cash payment to you | $20,000.00 |
| Total cost to you | $12,000.00 |
| | |
| Assignment to IA, if paid between 271 - 540 days | $40,000.00 |
| Cash payment to you | $20,000.00 |
| Total cost to you | $20,000.00 |
| | |
| Assignment to IA, if paid on or after 541 days | $45,000.00 |
| Cash payment to you | $20,000.00 |
| Total cost to you | $25,000.00 |

This transaction is a purchase of a fixed sum portion of your inheritance and is not a loan.  No monthly payments are required.  The assignment is fixed at $45,000.00 and does not accrue interest or additional fees or costs beyond this amount. Should the assignment be paid off prior to the 541st day you will receive a rebate according to the fee schedule above. Please contact me at (415) 569-6701 if you have any questions.

Sincerely,

**Victoria Stein**
*Vice President of Operations*



## IN THE DISTRICT COURT WITHIN AND FOR MAYES COUNTY
## STATE OF OKLAHOMA

IN THE MATTER OF THE    )
ESTATE OF    )      PB-2019-35
MARY JANE WOOD,    )
    )

```
FILED IN THE DISTRICT COURT
MAYES CO., OKLAHOMA

     JUN 2 5 2021

JENIFER CLINTON, COURT CLERK
BY                    DEPUTY
```

### AMENDED PETITION FOR ACCOUNTING

Pursuant to 58 O.S. § 284, the heir of Mary Jane Cassel Wood, Deceased, Cary Cassel by and through his attorney of record, Mark Antinoro, of Antinoro Law Firm, PLC, respectfully requests this court to order the Personal Representative, Misty Lane to prepare an updated account of the estate property in her possessions and submit it to the Petitioner and Court. In Support of said Petition, the Petitioner states the following:

1. On or about May 8, 2020, the Personal Representative filed her initial inventory with the court.

2. That inventory was very limited in scope and was incomplete.

3. Enough time has passed since the filing of the Personal Representative initial inventory for her to gathered additional documents and resources to give a more updated inventory of the estate property.

4. On May 25, 2021, counsel for Cary Cassel requested an updated accounting, however, one still has not been provided.

WHEREFORE, the heir, Cary Cassel, prays this court order the Personal Representative, Misty Lane, to provide an updated accounting of the estate and the court set this matter down for a hearing.

## 1983 case being filed ASAP

From: Cary Cassel (casselcary@ymail.com)

To:     tramelk@pryorcreek.org; nicholsd@pryorcreek.org; district12da@dac.state.ok.us

Date:   Monday, May 24, 2021 at 10:35 AM CDT

Filing 1983 case ASAP. Because of failure to act on local police.  Pryor police using every excuse to not investigate or send up reports of criminal activity if misty  lane      Using dementia patient against Aps and Cassel family.      Making statements they would not allow any police reports  to district attorney staff in Pryor.    With several incidents to prove.

Sent from Yahoo Mail for iPhone

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| | Case No. _____ |
| | *(to be filled in by the Clerk's Office)* |
| _____ | |
| *Plaintiff(s)* | Jury Trial: *(check one)* ☐ Yes ☐ No |
| *e full name of each plaintiff who is filing this complaint.* | |
| *nes of all the plaintiffs cannot fit in the space above,* | |
| *rite "see attached" in the space and attach an additional* | |
| *the full list of names.)* | |
| -v- | |
| _____ | |
| *Defendant(s)* | |
| *he full name of each defendant who is being sued. If the* | |
| *f all the defendants cannot fit in the space above, please* | |
| *see attached" in the space and attach an additional page* | |
| *full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

## NOTICE

*deral Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public a*
*ectronic court files.* Under this rule, papers filed with the court should *not* contain: an individual's ful
*urity number or full birth date; the full name of a person known to be a minor; or a complete financi*
*umber.* A filing may include *only*: the last four digits of a social security number; the year of an indiv
*rth; a minor's initials; and the last four digits of a financial account number.

*pt as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness stateme*
*her materials to the Clerk's Office with this complaint.*

*... complaint to be filed, it must be accompanied by the filing fee or an application t*

## Impartiality adding to complaint on Judge Gore and PB-2019-35

From: Cary Cassel (casselcary@ymail.com)

To: complaints@cojc.ok.gov; mprimm@havenlg.com; cmcbride@lawyersofoklahoma.com;
district12da@dac.state.ok.us; tramelk@pryorcreek.org; laues@pryorcreek.org; goossena@pryorcreek.org;
tips@osbi.ok.gov; charles.jackson@okdhs.org

Date: Wednesday, September 20, 2023 at 08:49 AM CDT


Please add this to the complaint and send the email.
My claims of impartial from Judge Gore.

Why Judge Gore failed claiming on record of Misty Lane .
With a reasonable investigation on PB-2019-35 with evidence in court record.

Breaches of Fiduciary Duty
Lane Missing Insurance to create substantial damages to home over $30k
Selling items without accounting or money from it.

Embezzling over $51,000.00 from new accounting and inventory from Lane
$2000 from Opers never disclosed . Proof From Subpoena Submitted to court

Judge Gore ordered Lane to file under oath. After Cassel spotted Lane failing to do so.

Lane failing to comply with a court order. For Contempt.

Judge Gore states Lane did file a accounting. But, Cassel alleges it was not a proper accounting and
wanted a trial on it.

Gore wouldn't allow it.

Several instances Cassel is claiming Judge Gore is not impartial. To try and limit the damages from
liability.

Misty Lane is acting criminally in her administration.

The Sixth Amendment of the U.S. Constitution guarantees the right to an impartial jury
for criminal defendants. A judge is not impartial if they make rulings based on their
personal, political, or religious views. A judge's independence ensures that they make
decisions based only on the law, without influence from fear or other external factors.

A judge violates a defendant's right to an impartial jury if they or any of the jury
members are pressured or influenced in a way that could impair their freedom of
action. The trial judge should hold a hearing with the defense to determine if
impartiality has been undermined.


Complaint of Misty lane Embezzelment of $51,000 current.pdf



  **Complaint of Misty lane Embezzelment of $51,000 current.pdf**

Shared with Dropbox

*Best Regards,*

*x__Cary Cassel__*

Cary Cassel
705 SE 14th St
Pryor, Oklahoma
74361
918-902-8916

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 29 of 95

## Offering up known false evidence in a medicare/medicaid fraud on courts PG-2019-15 With knon consutation from Protective proceeding and $708.00 a month poverty threshold for services to vulnerable adult.

From:  Cary Cassel (casselcary@ymail.com)

To:  district12da@dac.state.ok.us; kritchie@rrmalaw.com; tramelk@pryorcreek.org; taylor.henderson@cojc.ok.gov; criminal.division@usdoj.gov; inforeferral@okdhs.org; consumerprotection@oag.ok.gov; fraudstoppers@oid.ok.gov; glen.mulready@oid.ok.gov; tips@osbi.ok.gov; troy.morris@osbi.ok.gov; dhs-oig.officepublicaffairs@oig.dhs.gov; charles.jackson@okdhs.org

Date:  Sunday, March 21, 2021 at 12:34 PM CDT

Mr Ballard ..Im investigating more and more.  To notice deficiencies in Pryor Police who took reports.  THeir Training in state statutes must not be sufficient.  There were several reports supposed to be sent to the District Attorney on the protective proceedings.  Along with District Attorney knowing of the several police reports ON Mary Jane Wood..  Not only was the reports of self neglect sent to you.  But , incapacitation due to several mental health reports, or health care to protect Mary jane Wood from Misty Lane.  Mary Jane WOod had 6 months to live from February of 2019 that Misty Lane knew direct evidence in several different authorities.

For any kind of transport out of state.  To put the imminently deathly conditions by St Francis Heath  and Warren clinic Doctors  McNaulty and Dr Khatab.    Misty Lane trying to get custody with fraud in objection to guardianship proceedings.   Terry Allen fully aware for failure to report to police and D.A.    When notified by Cassel family With Doctor notes and hospital reports.

Was a mandatory failure to clients and Vulnerable adult Mary Jane WOod.  From ad Litem attorney Ben Sherrer.  Acting in a position to fail state statutes for guardianship courts.   Fraud on the courts reported to the special investigated team from Mike Hunter for Medicaid/Medicare fraud.

In coordination with Rainn Program.   To allow continuation of PG-2019-15 for further damages from fraud.  Allowing more criminal harassment and fraud on the court with abusive discovery .  Abuse of process.

Along with reckless false reports to deceive courts of APS/DHS protective proceedings.   With known false written testimony to mislead courts for a advantage in district court to reduce the % of inheritance  with known approved payments to bills for vulnerable adults. In connection with medicare/medicaid poverty threshold.   For any additional monies above poverty threshold to pay directly to medicare/medicaid for reimbursement.
Instead of Misty lane.

Trying to lie to Frame Up Cassel family for embezzlement, and misappropriation    Coming in 4-15-2021  Confusing of actual APS/DHS mandatory reports of a state agency case.  For federal crimes.  You have received notice.   I will convey to local police as well.  Capt Tramel.

I have alerted Mark Grober of the fraud.   He has decided not to respond.   Knowingly offering up known false evidence for suborning perjury from Misty Lane.  For misconduct and malpractice.


Misty Lne is claiming all monies involved in the balance for medicaid /medicare for interference and fraud..  FOR REpayment  for services paid for from Medicaid/Medicare.  TO waste and fraud .  Cassel family was known to comply with APS/DHS 100%.  With Terry Allen acting in coordination knowing detailed information on case with multiple reports from Cassels.  Not to report to Local police and D.A.    To either fail, or mislead  of known
misconduct and malpractice in a unconstitutional guardianship  case.  KNOWN to Judge Shawn Taylor with Judicial complaint to Taylor Henderson of the Judicial Board.

To allow more damages to Cassel family for a hidden case of state statutes being ignored for failure to intervene and civil liberties to be violated on Cassels .. For administrational due process on Mary jane WOod and Cassel family.    Who has taken a loss of $275,000.00  Due to a(rico) scam to harass, stalk, blackmail, extort.  WIth false reporting, suppression of state case adn direct evidence of Medicare/Medicaid financial transactions known approved from Terry Allen and DHS/APS  Before and after death of Mary Jane WOod.

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 30 of 95

Cassel was not only the DPOA  from February 2019,  but, the guardian from Pryor courts.   For Misty Lane to use the WIll and video will to change to intestate with fraud and duress of fear of incarceration .  At the hand of Misty Lanes multiple false reporting.    TO extort/blackmail with internet statements liable on public reputation sites for 2 years .. Still not taken down or investigated .    Along with coordinated stalking using others. From
Misleading the others with videos of Mary Jane WOods delusions of coercion or dementia, (sundowners) psychosis, known to Misty Lane  bi polar and grandiose narcissistic family.

To use sibling alienation known to mental health society to blame the black sheep with total fraud.   To hide aspects of the case and to keep in a pattern of believing own delusions being sociopathic.   To gain an advantage by giving partial truths to confuse and use others for a benefity.                                              .

The City Of Pryor isnt the first Small town to get duped by a honeypot .  To ignore someone's victim reports to gain an advantage in court and steal money.   Or in this case Mary jane WOods $275,000.00
Known to be fully Cassel families for taking care ane Mary Jane Wood wanted her grand children specifically to have home and all assets.  Leaving Misty Lane out because her family is grown.

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 31 of 95

Foul Play wanting investigation should have been sent to Da for probable cause of arrest. Written statements for felony.

From: Cary Cassel (casselcary@ymail.com)

To:    tramelk@pryorcreek.org

Date: Friday, March 19, 2021 at 04:37 PM CDT

**These statutes will coodinate with all the evidence that is available with the Cassels and the DHS/APS  health care professionals , and videos, text, emails, pics. Reports.,**

## 2014 Oklahoma Statutes
## Title 21. Crimes and Punishments
## §21-589. False reporting of crime - False reporting of missing child.

**Universal Citation:** 21 OK Stat § 21-589 (2014)

A. It shall be unlawful to willfully, knowingly and without probable cause make a false report to any person of any crime or circumstances indicating the possibility of crime having been committed, including the unlawful taking of personal property, which report causes or encourages the exercise of police action or investigation. Any person convicted of violating the provisions of this subsection shall be guilty of a misdemeanor punishable by imprisonment in the county jail for not more than ninety (90) days or by a fine of not more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment.

B. It shall be unlawful to willfully, knowingly, and without probable cause communicate false information concerning a missing child to a law enforcement agency that causes or encourages the activation of an AMBER alert warning system. Any person convicted of violating the provisions of this subsection shall be guilty of a felony punishable by imprisonment in the county jail for not more than one (1) year or by a fine of not less than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.

Added by Laws 1961, p. 227, § 1. Amended by Laws 2005, c. 109, § 1, eff. Nov. 1, 2005; Laws 2007, c. 189, § 1, eff. Nov. 1, 2007.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-110. Intent to defraud.

**Universal Citation:** 21 OK Stat § 21-110 (2014)

Whenever, by any of the provisions of this chapter, an intent to defraud is required in order to constitute any offense, it is sufficient if an intent appears to defraud any person, association or body politic or corporate whatever.

R.L.1910, § 2837.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-142B. Civil action by victim of felony crime against offender - Attorney's fees and costs - Reduction of hardship exemption from garnishment.

**Universal Citation:** 21 OK Stat § 21-142B (2014)

In any civil action against an offender for property damages resulting from a felony crime committed by the offender, the court may award a victim who prevails in the civil action reasonable attorney's fees and other costs of litigation; provided, there has been a felony conviction of the defendant for the crime which caused the damage. The court granting judgment in a civil action pursuant to the provisions of this section may reduce or limit the hardship exemption from garnishment provided in Section 1.1 of Title 31 of the Oklahoma Statutes, when limitation or reduction would be in the interests of justice.

Added by Laws 1993, c. 325, § 4, emerg. eff. June 7, 1993

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-453. Preparing false evidence.

**Universal Citation:** 21 OK Stat § 21-453 (2014)

Any person guilty of falsely preparing any book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced as genuine upon any trial, proceeding or inquiry whatever, authorized by law, shall be guilty of a felony.

R.L. 1910, § 2228. Amended by Laws 1997, c. 133, § 198, eff. July 1, 1999.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 198 from July 1, 1998, to July 1, 1999.

## 2014 Oklahoma Statutes
## Title 21. Crimes and Punishments
## §21-421. Conspiracy – Definition - Punishment.

**Universal Citation:** 21 OK Stat § 21-421 (2014)

A. If two or more persons conspire, either:

1. To commit any crime; or

2. Falsely and maliciously to indict another for any crime, or to procure another to be charged or arrested for any crime; or

3. Falsely to move or maintain any suit, action or proceeding; or

10/4/23, 11:01 AM    Yahoo Mail - Foul Play wanting investigation should have been sent to Da for probable cause of arrest. Written statements for fel...

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 33 of 95

4. To cheat and defraud any person of any property by any means which are in themselves criminal, or by any means which, if executed, would amount to a cheat or to obtaining money or property by false pretenses; or

5. To commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or the due administration of the laws,

they are guilty of a conspiracy.

B. Except in cases where a different punishment is prescribed by law the punishment for conspiracy shall be a misdemeanor unless the conspiracy is to commit a felony.

C. Conspiracy to commit a felony shall be a felony and is punishable by payment of a fine not exceeding Five Thousand Dollars ($5,000.00), or by imprisonment in the State Penitentiary for a period not exceeding ten (10) years, or by both such fine and imprisonment.

.R.L. 1910, § 2232. Amended by Laws 1968, c. 84, § 1, emerg. eff. April 1, 1968; Laws 1979, c. 174, § 1; Laws 1997, c. 133, § 186, eff. July 1, 1999; Laws 1999, 1st Ex.Sess., c. 5, § 102, eff. July 1, 1999.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 186 from July 1, 1998, to July 1, 1999.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-424. Punishment for conspiracy against state.

**Universal Citation:** 21 OK Stat § 21-424 (2014)

If two or more persons conspire either to commit any offense against the State of Oklahoma, any county, school district, municipality or subdivision thereof, or to defraud the State of Oklahoma, any county, school district, municipality or subdivision thereof, in any manner or for any purpose, and if one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be guilty of a felony punishable by a fine of not more than Twenty-five Thousand Dollars ($25,000.00) or imprisonment for not more than ten (10) years or by both such fine and imprisonment.

Added by Laws 1915, c. 260, § 1. Amended by Laws 1982, c. 148, § 1, operative Oct. 1, 1982; Laws 1997, c. 133, § 188, eff. July 1, 1999; Laws 1999, 1st Ex.Sess., c. 5, § 104, eff. July 1, 1999.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 188 from July 1, 1998, to Jul

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-644. Assault - Assault and battery - Domestic abuse.

**Universal Citation:** 21 OK Stat § 21-644 (2014)

A. Assault shall be punishable by imprisonment in a county jail not exceeding thirty (30) days, or by a fine of not more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment.

B. Assault and battery shall be punishable by imprisonment in a county jail not exceeding ninety (90) days, or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.

C. Any person who commits any assault and battery against a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by Section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant shall be guilty of domestic abuse. Upon conviction, the defendant shall be punished by imprisonment in the county jail for not more than one (1) year, or by a fine not exceeding Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment. Upon conviction for a second or subsequent offense, the person shall be punished by imprisonment in the custody of the Department of Corrections for not more than four (4) years, or by a fine not exceeding Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment. The provisions of Section 51.1 of this title shall apply to any second or subsequent offense.

D. 1. Any person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon a current or former spouse, a present spouse of a former spouse, a parent, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is in a dating relationship as defined by Section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant with any sharp or dangerous weapon, upon conviction, is guilty of domestic assault or domestic assault and battery with a dangerous weapon which shall be a felony and punishable by imprisonment in the custody of the Department of Corrections not exceeding ten (10) years, or by imprisonment in a county jail not exceeding one (1) year. The provisions of Section 51.1 of this title shall apply to any second or subsequent conviction for a violation of this paragraph.

2. Any person who, without such cause, shoots a current or former spouse, a present spouse of a former spouse, a parent, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is in a dating relationship as defined by Section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant, by means of any deadly weapon that is likely to produce death shall, upon conviction, be guilty of domestic assault and battery with a deadly weapon which shall be a felony punishable by imprisonment in the custody of the Department of Corrections not exceeding life. The provisions of Section 51.1 of this title shall apply to any second or subsequent conviction for a violation of this paragraph.

E. Any person convicted of domestic abuse committed against a pregnant woman with knowledge of the pregnancy shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than one (1) year.

Any person convicted of a second or subsequent offense of domestic abuse against a pregnant woman with knowledge of the pregnancy shall be guilty of a felony, punishable by imprisonment in the custody of the Department of Corrections for not less than ten (10) years.

Any person convicted of domestic abuse committed against a pregnant woman with knowledge of the pregnancy and a miscarriage occurs or injury to the unborn child occurs shall be guilty of a felony, punishable by imprisonment in the custody of the Department of Corrections for not less than twenty (20) years.

F. Any person convicted of domestic abuse as defined in subsection C of this section that results in great bodily injury to the victim shall be guilty of a felony and punished by imprisonment in the custody of the Department of Corrections for not more than ten (10) years, or by imprisonment in the county jail for not more than one (1) year. The provisions of Section 51.1 of this title shall apply to any second or subsequent conviction of a violation of this subsection.

G. Any person convicted of domestic abuse as defined in subsection C of this section that was committed in the presence of a child shall be punished by imprisonment in the county jail for not less than six (6) months nor more than one (1) year, or by a fine not exceeding Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment. Any person convicted of a second or subsequent domestic abuse as defined in subsection C of this section that was committed in the presence of a child shall be punished by imprisonment in the custody of the Department of Corrections for not less than one (1) year nor more than five (5) years, or by a fine not exceeding Seven Thousand Dollars ($7,000.00), or by both such fine and imprisonment. The provisions of Section 51.1 of this title shall apply to any second or subsequent offense. For every conviction of domestic abuse, domestic assault or domestic assault and battery with a dangerous weapon, or domestic assault and battery with a deadly weapon, the court shall:

1. Specifically order as a condition of a suspended sentence or probation that a defendant participate in counseling or undergo treatment to bring about the cessation of domestic abuse as specified in paragraph 2 of this subsection;

2.a.The court shall require the defendant to participate in counseling or undergo treatment for domestic abuse by an individual licensed practitioner or a domestic abuse treatment program certified by the Attorney General. If the defendant is ordered to participate in a domestic abuse counseling or treatment program, the order shall require the defendant to attend the program for a minimum of fifty-two (52) weeks, complete the program, and be evaluated before and after attendance of the program by a program counselor or a private counselor. Three unexcused absences in succession or seven unexcused absences in a period of fifty-two (52) weeks from any court-ordered domestic abuse counseling or treatment program shall be prima facie evidence of the violation of the conditions of probation for the district attorney to seek acceleration or revocation of any probation entered by the court.

b.A program for anger management, couples counseling, or family and marital counseling shall not solely qualify for the counseling or treatment requirement for domestic abuse pursuant to this subsection. The counseling may be ordered in addition to counseling specifically for the treatment of domestic abuse or per evaluation as set forth below. If, after sufficient evaluation and attendance at required counseling sessions, the domestic violence treatment program or licensed professional determines that the defendant does not evaluate as a perpetrator of domestic violence or does evaluate as a perpetrator of domestic violence and should complete other programs of treatment simultaneously or prior to domestic violence treatment, including but not limited to programs related to the mental health, apparent substance or alcohol abuse or inability or refusal to manage anger, the defendant shall be ordered to complete the counseling as per the recommendations of the domestic violence treatment program or licensed professional;

3.a.The court shall set a review hearing no more than one hundred twenty (120) days after the defendant is ordered to participate in a domestic abuse counseling program or undergo treatment for domestic abuse to assure the attendance and compliance of the defendant with the provisions of this subsection and the domestic abuse counseling or treatment requirements. The court may suspend sentencing of the defendant until the defendant has presented proof to the court of enrollment in a program of treatment for domestic abuse by an individual licensed practitioner or a domestic abuse treatment program certified by the Attorney General and attendance at weekly sessions of such program. Such proof shall be presented to the court by the defendant no later than one hundred twenty (120) days after the defendant is ordered to such counseling or treatment. At such time, the court may complete sentencing, beginning the period of the sentence from the date that proof of enrollment is presented to the court, and schedule reviews as required by subparagraphs a and b of this paragraph and paragraphs 4 and 5 of this subsection. Three unexcused absences in succession or seven unexcused absences in a period of fifty-two (52) weeks from any court-ordered domestic abuse counseling or treatment program shall be prima facie evidence of the violation of the conditions of probation for the district attorney to seek acceleration or revocation of any probation entered by the court.

b.The court shall set a second review hearing after the completion of the counseling or treatment to assure the attendance and compliance of the defendant with the provisions of this subsection and the domestic abuse counseling or treatment requirements. The court shall retain continuing jurisdiction over the defendant during the course of ordered counseling through the final review hearing;

4. The court may set subsequent or other review hearings as the court determines necessary to assure the defendant attends and fully complies with the provisions of this subsection and the domestic abuse counseling or treatment requirements;

5. At any review hearing, if the defendant is not satisfactorily attending individual counseling or a domestic abuse counseling or treatment program or is not in compliance with any domestic abuse counseling or treatment requirements, the court may order the defendant to further or continue counseling, treatment, or other necessary services. The court may revoke all or any part of a suspended sentence, deferred sentence, or probation pursuant to Section 991b of Title 22 of the Oklahoma Statutes and subject the defendant to any or all remaining portions of the original sentence;

6. At the first review hearing, the court shall require the defendant to appear in court. Thereafter, for any subsequent review hearings, the court may accept a report on the progress of the defendant from individual counseling, domestic abuse counseling, or the treatment program. There shall be no requirement for the victim to attend review hearings; and

7. If funding is available, a referee may be appointed and assigned by the presiding judge of the district court to hear designated cases set for review under this subsection. Reasonable compensation for the referees shall be fixed by the presiding judge. The referee shall meet the requirements and perform all duties in the same manner and procedure as set forth in Sections 1-8-103 and 2-2-702 of Title 10A of the Oklahoma Statutes pertaining to referees appointed in juvenile proceedings.

The defendant may be required to pay all or part of the cost of the counseling or treatment, in the discretion of the court.

H. As used in subsection G of this section, "in the presence of a child" means in the physical presence of a child; or having knowledge that a child is present and may see or hear an act of domestic violence. For the purposes of subsections C and G of this section, "child" may be any child whether or not related to the victim or the defendant.

I. For the purposes of subsections C and G of this section, any conviction for assault and battery against a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by Section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or any person living in the same household as the defendant, shall constitute a sufficient basis for a felony charge:

1. If that conviction is rendered in any state, county or parish court of record of this or any other state; or

2. If that conviction is rendered in any municipal court of record of this or any other state for which any jail time was served; provided, no conviction in a municipal court of record entered prior to November 1, 1997, shall constitute a prior conviction for purposes of a felony charge.

J. Any person who commits any assault and battery with intent to cause great bodily harm by strangulation or attempted strangulation against a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by Section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant shall, upon conviction, be guilty of domestic abuse by strangulation and shall be punished by imprisonment in the custody of the Department of Corrections for a period of not less than one (1) year nor more than three (3) years, or by a fine of not more than Three Thousand Dollars ($3,000.00), or by both such fine and imprisonment. Upon a second or subsequent conviction for a violation of this section, the defendant shall be punished by imprisonment in the custody of the Department of Corrections for a period of not less than three (3) years nor more than ten (10) years, or by a fine of not more than Twenty Thousand Dollars ($20,000.00), or by both such fine and imprisonment. The provisions of Section 51.1 of this title shall apply to any second or subsequent conviction of a violation of this subsection. As used in this subsection, "strangulation" means any form of asphyxia; including, but not limited to, asphyxia characterized by closure of the blood vessels or air passages of the neck as a result of external pressure on the neck or the closure of the nostrils or mouth as a result of external pressure on the head.

K. Any district court of this state and any judge thereof shall be immune from any liability or prosecution for issuing an order that requires a defendant to:

1. Attend a treatment program for domestic abusers certified by the Attorney General;

2. Attend counseling or treatment services ordered as part of any suspended or deferred sentence or probation; and

3. Attend, complete, and be evaluated before and after attendance by a treatment program for domestic abusers, certified by the Attorney General.

L. There shall be no charge of fees or costs to any victim of domestic violence, stalking, or sexual assault in connection with the prosecution of a domestic violence, stalking, or sexual assault offense in this state.

M. In the course of prosecuting any charge of domestic abuse, stalking, harassment, rape, or violation of a protective order, the prosecutor shall provide the court, prior to sentencing or any plea agreement, a local history and any other available history of past convictions of the defendant within the last ten (10) years relating to domestic abuse, stalking, harassment, rape, violation of a protective order, or any other violent misdemeanor or felony convictions.

N. Any plea of guilty or finding of guilt for a violation of subsection C, F, G, I or J of this section shall constitute a conviction of the offense for the purpose of this act or any other criminal statute under which the existence of a prior conviction is relevant for a period of ten (10) years following the completion of any court imposed probationary term; provided, the person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or a felony.

O. For purposes of subsection F of this section, "great bodily injury" means bone fracture, protracted and obvious disfigurement, protracted loss or impairment of the function of a body part, organ or mental faculty, or substantial risk of death.

P. Any pleas of guilty or nolo contendere or finding of guilt to a violation of any provision of this section shall constitute a conviction of the offense for the purpose of any subsection of this section under which the existence of a prior conviction is relevant for a period of ten (10) years following the completion of any sentence or court imposed probationary term.

R.L.1910, § 2343. Amended by Laws 1986, c. 143, § 1, emerg. eff. April 21, 1986; Laws 1996, c. 197, § 2, emerg. eff. May 20, 1996; Laws 1999, c. 309, § 1, eff. Nov. 1, 1999; Laws 2000, c. 6, § 31, emerg. eff. March 20, 2000; Laws 2004, c. 516, § 1, eff. July 1, 2005; Laws 2005, c. 1, § 12, eff. July 1, 2005; Laws 2005, c. 348, § 9, eff. July 1, 2005; Laws 2006, c. 284, § 1, emerg. eff. June 7, 2006; Laws 2008, c. 174, § 1, eff. Nov. 1, 2008; Laws 2008, c. 318, § 1, eff. Nov. 1, 2008; Laws 2009, c. 2, § 1, emerg. eff. March 12, 2009; Laws 2009, c. 87, § 1, eff. Nov. 1, 2009; Laws 2010,c. 113, § 1; Laws 2010, c. 348, § 1, eff. Nov. 1, 2010; Laws 2011, c. 385, § 2, eff. Nov. 1, 2011; Laws 2014, c. 71, § 1, eff. Nov. 1, 2014.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 217 from July 1, 1998, to July 1, 1999.

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 36 of 95

NOTE: Laws 1997, c. 133, § 217 repealed by Laws 1999, 1st Ex.Sess., c. 5, § 452, eff. July 1, 1999. Laws 1997, c. 368, § 3 repealed by Laws 2000, c. 6, § 34, emerg. eff. March 20, 2000. Laws 2004, c. 520, § 1 repealed by Laws 2005, c. 1, § 13, eff. July 1, 2005. Laws 2008, c. 403, § 1 repealed by Laws 2009, c. 2, § 2,

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-781. False rumors - Slander - Penalty.

**Universal Citation:** 21 OK Stat § 21-781 (2014)

Any person, who shall willfully, knowingly, or maliciously repeat or communicate to any person, or persons, a false rumor or report of a slanderous or harmful nature, or which may be detrimental to the character or standing of such other person, or persons, whether such person is a private citizen, or officer, or candidate for office, shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00), or imprisoned not less than thirty (30) days nor more than one hundred and twenty (120) days in the county jail, or both so fined and imprisoned for each offense.

Added by Laws 1929, c. 21, p. 18, § 1.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-843.4. Exploitation of elderly or disabled adult.

**Universal Citation:** 21 OK Stat § 21-843.4 (2014)

A. As used in this section, "exploitation of an elderly person or disabled adult" means:

1. Knowingly, by deception or intimidation, obtaining or using, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:

a.stands in a position of trust and confidence with the elderly person or disabled adult, or

b.has a business relationship with the elderly person or disabled adult, or

2. Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent.

B. 1. If the funds, assets, or property involved in the exploitation of the elderly person or disabled adult are valued at One Hundred Thousand Dollars ($100,000.00) or more, the violator commits a felony punishable by imprisonment in the custody of the Department of Corrections for a term not more than fifteen (15) years and by a fine in an amount not exceeding Ten Thousand Dollars ($10,000.00).

2. If the funds, assets, or property involved in the exploitation of the elderly person or disabled adult are valued at less than One Hundred Thousand Dollars ($100,000.00), the violator commits a felony punishable by imprisonment in the custody of the Department of Corrections for a term not more than ten (10) years and by a fine in an amount not exceeding Ten Thousand Dollars ($10,000.00).

C. For purposes of this section, "elderly person" means any person sixty-two (62) years of age or older.

Added by Laws 2006, c. 215, § 1, eff. July 1, 2006.

**Disclaimer:** These codes may not be the most recent version. Oklahoma may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-850. Malicious intimidation or harassment because of race, color, religion, ancestry, national origin or disability - Standardized reporting system.

Universal Citation: 21 OK Stat § 21-850 (2014)

A. No person shall maliciously and with the specific intent to intimidate or harass another person because of that person's race, color, religion, ancestry, national origin or disability:

1. Assault or batter another person;

2. Damage, destroy, vandalize or deface any real or personal property of another person; or

3. Threaten, by word or act, to do any act prohibited by paragraph 1 or 2 of this subsection if there is reasonable cause to believe that such act will occur.

B. No person shall maliciously and with specific intent to incite or produce, and which is likely to incite or produce, imminent violence, which violence would be directed against another person because of that person's race, color, religion, ancestry, national origin or disability, make or transmit, cause or allow to be transmitted, any telephonic, computerized, or electronic message.

C. No person shall maliciously and with specific intent to incite or produce, and which is likely to incite or produce, imminent violence, which violence would be directed against another person because of that person's race, color, religion, ancestry, national origin or disability, broadcast, publish, or distribute, cause or allow to be broadcast, published or distributed, any message or material.

D. Any person convicted of violating any provision of subsections A, B or C of this section shall be guilty of a misdemeanor on a first offense and a felony punishable by not more than ten (10) years incarceration in the custody of the Department of Corrections for a second or subsequent offense. The fine for a felony violation of this section shall not exceed Ten Thousand Dollars ($10,000.00). Furthermore, said person shall be civilly liable for any damages resulting from any violation of this section.

E. Upon conviction, any person guilty of a misdemeanor in violation of this section shall be punishable by the imposition of a fine not exceeding One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for a period of not more than one (1) year, or by both such fine and imprisonment.

F. The Oklahoma State Bureau of Investigation shall develop a standard system for state and local law enforcement agencies to report incidents of crime which are apparently directed against members of racial, ethnic, religious groups or other groups specified by this section. The Oklahoma State Bureau of Investigation shall promulgate rules, regulations and procedures necessary to develop, implement and maintain a standard system for the collection and reporting of hate crime data. All state, county, city and town law enforcement agencies shall submit a monthly report to the Oklahoma State Bureau of Investigation on forms prescribed by the Bureau. The report shall contain the number and nature of the offenses committed within their respective jurisdictions, the disposition of such matters and any other information the Bureau may require, respecting information relating to the cause and prevention of crime, recidivism, the rehabilitation of criminals and the proper administration of criminal justice.

G. No person, partnership, company or corporation that installs telephonic, computerized, or electronic message equipment shall be required to monitor the use of such equipment for possible violations of this section, nor shall such person, partnership, company or corporation be held criminally or civilly liable for the use by another person of the equipment in violation of this section, unless the person, partnership, company or corporation that installed the equipment had prior actual knowledge that the equipment was to be used in violation of this section.

Added by Laws 1987, c. 48, § 1, emerg. eff. April 24, 1987. Amended by Laws 1989, c. 68, § 1, emerg. eff. April 13, 1989; Laws 1990, c. 73, § 1, emerg. eff. April 16, 1990; Laws 1992, c. 82, § 1, eff. Sept. 1, 1992; Laws 1997, c. 133, § 249, eff. July 1, 1999; Laws 1998, c. 330, § 1, eff. Nov. 1, 1998; Laws 1998, 1st Ex. Sess., c. 2, § 7, emerg. eff. June 19, 1998; Laws 1999, 1st Ex. Sess., c. 5, § 153, eff. July 1, 1999; Laws 2001, c. 45, § 1, eff. Nov. 1, 2001.

NOTE: Laws 1998, 1st Ex. Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 249 from July 1, 1998, to July 1, 1999.

# 014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-1173. Stalking - Penalties.

Universal Citation: 21 OK Stat § 21-1173 (2014)

A. Any person who willfully, maliciously, and repeatedly follows or harasses another person in a manner that:

1. Would cause a reasonable person or a member of the immediate family of that person as defined in subsection F of this section to feel frightened, intimidated, threatened, harassed, or molested; and

2. Actually causes the person being followed or harassed to feel terrorized, frightened, intimidated, threatened, harassed, or molested,

upon conviction, shall be guilty of the crime of stalking, which is a misdemeanor punishable by imprisonment in a county jail for not more than one (1) year or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.

B. Any person who violates the provisions of subsection A of this section when:

1. There is a permanent or temporary restraining order, a protective order, an emergency ex parte protective order, or an injunction in effect prohibiting the behavior described in subsection A of this section against the same party, when the person violating the provisions of subsection A of this section has actual notice of the issuance of such order or injunction; or

2. Said person is on probation or parole, a condition of which prohibits the behavior described in subsection A of this section against the same party or under the conditions of a community or alternative punishment; or

3. Said person, within ten (10) years preceding the violation of subsection A of this section, completed the execution of sentence for a conviction of a crime involving the use or threat of violence against the same party, or against any member of the immediate family of such party,

upon conviction, shall be guilty of a felony punishable by imprisonment in the State Penitentiary for a term not exceeding five (5) years or by a fine of not more than Two Thousand Five Hundred Dollars ($2,500.00), or by both such fine and imprisonment.

C. Any person who commits a second act of stalking within ten (10) years of the completion of sentence for a prior conviction under subsection A of this section, upon conviction thereof, shall be guilty of a felony punishable by imprisonment in the State Penitentiary for a term not exceeding five (5) years, or by a fine of not more than Two Thousand Five Hundred Dollars ($2,500.00), or by both such fine and imprisonment.

D. Any person who commits an act of stalking within ten (10) years of the completion of execution of sentence for a prior conviction under subsection B or C of this section, shall, upon conviction thereof, be guilty of a felony punishable by a fine of not less than Two Thousand Five Hundred Dollars ($2,500.00) nor more than Ten Thousand Dollars ($10,000.00), or by imprisonment in the State Penitentiary for a term not exceeding ten (10) years, or by both such fine and imprisonment.

E. Evidence that the defendant continued to engage in a course of conduct involving repeated unconsented contact, as defined in subsection F of this section, with the victim after having been requested by the victim to discontinue the same or any other form of unconsented contact, and to refrain from any further unconsented contact with the victim, shall give rise to a rebuttable presumption that the continuation of the course of conduct caused the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

F. For purposes of this section:

1. "Harasses" means a pattern or course of conduct directed toward another individual that includes, but is not limited to, repeated or continuing unconsented contact, that would cause a reasonable person to suffer emotional distress, and that actually causes emotional distress to the victim. Harassment shall include harassing or obscene phone calls as prohibited by Section 1172 of this title and conduct prohibited by Section 850 of this title. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose;

2. "Course of conduct" means a pattern of conduct composed of a series of two (2) or more separate acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct";

3. "Emotional distress" means significant mental suffering or distress that may, but does not necessarily require, medical or other professional treatment or counseling;

4. "Unconsented contact" means any contact with another individual that is initiated or continued without the consent of the individual, or in disregard of that individual's expressed desire that the contact be avoided or discontinued. Constitutionally protected activity is not included within the meaning of unconsented contact. Unconsented contact includes but is not limited to any of the following:

a.following or appearing within the sight of that individual,

b.approaching or confronting that individual in a public place or on private property,

c.appearing at the workplace or residence of that individual,

d.entering onto or remaining on property owned, leased, or occupied by that individual,

e.contacting that individual by telephone,

f.sending mail or electronic communications to that individual, and

g.placing an object on, or delivering an object to, property owned, leased, or occupied by that individual; and

5. "Member of the immediate family", for the purposes of this section, means any spouse, parent, child, person related within the third degree of consanguinity or affinity or any other person who regularly resides in the household or who regularly resided in the household within the prior six (6) months.

Added by Laws 1992, c. 107, § 1, emerg. eff. June 4, 1992. Amended by Laws 1993, c. 64, § 1, emerg. eff. April 13, 1993; Laws 1997, c. 133, § 307, eff. July 1, 1999; Laws 1999, 1st Ex.Sess., c. 5, § 205, eff. July 1, 1999; Laws 2000, c. 370, § 14, eff. July 1, 2000.

NOTE: Laws 1992, c. 348, § 4 repealed the original effective date of Laws 1992, c. 107, § 1 (Sept. 1, 1992). A new emergency effective date of June 4, 1992, was given to that section by Laws 1992, c. 348, § 5.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 307 from July 1, 1998, to July 1, 1999.

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 39 of 95

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-1483. Extortion or attempted extortion.

**Universal Citation:** 21 OK Stat § 21-1483 (2014)

Every person who extorts or attempts to extort any money or other property from another, under circumstances not amounting to robbery, by means of force or any threat such as is mentioned in Section 1482 of this title, upon conviction, shall be guilty of a felony. A conviction for extortion is punishable by imprisonment in the State Penitentiary for a term not exceeding five (5) years. A conviction for attempted extortion is punishable by imprisonment in the State Penitentiary for a term not exceeding two (2) years.

R.L. 1910, § 2684. Amended by Laws 1991, c. 226, § 2, emerg. eff. May 23, 1991; Laws 1997, c. 133, § 362, eff. July 1, 1999; Laws 1999, 1st Ex.Sess., c. 5, § 254, eff. July 1, 1999.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 362 from July 1, 1998, to July 1, 1999.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-1482. Threats constituting extortion.

**Universal Citation:** 21 OK Stat § 21-1482 (2014)

Fear such as will constitute extortion, may be induced by a threat, either:

1st. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family; or,

2nd. To accuse him, or any relative of his or member of his family, of any crime; or,

3rd. To expose, or impute to him, or them, any deformity or disgrace; or,

4th. To expose any secret affecting him or them.

R.L.1910, § 2683.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-1484. Extortion under color of official right.

**Universal Citation:** 21 OK Stat § 21-1484 (2014)

Every person who commits any extortion under color of official right, in cases for which a different punishment is not prescribed by this code, or by some of the statutes, which it specifies as continuing in force, is guilty of a misdemeanor.

R.L.1910, § 2685.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-1488. Blackmail.

**Universal Citation:** 21 OK Stat § 21-1488 (2014)

Blackmail is verbally or by written or printed communication and with intent to extort or gain any thing of value from another or to compel another to do an act against his or her will:

1. Accusing or threatening to accuse any person of a crime or conduct which would tend to degrade and disgrace the person accused;

2. Exposing or threatening to expose any fact, report or information concerning any person which would in any way subject such person to the ridicule or contempt of society; or

3. Threatening to report a person as being illegally present in the United States, and is coupled with the threat that such accusation or exposure will be communicated to a third person or persons unless the person threatened or some other person pays or delivers to the accuser or some other person some thing of value or does some act against his or her will. Blackmail is a felony punishable by imprisonment in the State Penitentiary for not to exceed five (5) years or fine not to exceed Ten Thousand Dollars ($10,000.00) or by both such imprisonment and fine.

Added by Laws 1974, c. 142, § 1, emerg. eff. May 3, 1974. Amended by Laws 1997, c. 133, § 363, eff. July 1, 1999; Laws 1999, 1st Ex.Sess., c. 5, § 255, eff. July 1, 1999; Laws 2010, c. 409, § 4, eff. Nov. 1, 2010.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 363 from July 1, 1998, to July 1, 1999.


# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-95. Malice - Maliciously.

**Universal Citation:** 21 OK Stat § 21-95 (2014)

The terms "malice" and "maliciously," when so employed, import a wish to vex, annoy or injure another person, established either by proof or presumption of law.

R.L.1910, § 2822.


# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-96. Knowingly.

**Universal Citation:** 21 OK Stat § 21-96 (2014)

The term "knowingly," when so applied, imports only a knowledge that the facts exist which bring the act or omission within the provisions of this code. It does not require any knowledge of the unlawfulness of such act or omission.

R.L.1910, § 2823.


# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-81. Testimony - Privilege of witnesses and perjury.

**Universal Citation:** 21 OK Stat § 21-81 (2014)

The various sections of this Chapter which declare that evidence obtained upon the examination of a person as a witness shall not be received against him in any criminal proceeding, do not forbid such evidence being proved against such person upon any proceedings founded upon a charge of perjury committed in such examination.

R.L.1910, § 2817.


# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-101. Writing includes printing.

**Universal Citation:** 21 OK Stat § 21-101 (2014)

The term "writing" includes printing.

R.L.1910, § 2828.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-455. Preventing witness from giving testimony - Threatening witness who has given testimony.

Universal Citation: 21 OK Stat § 21-455 (2014)

A. Every person who willfully prevents or attempts to prevent any person from giving testimony or producing any record, document or other object, who has been duly summoned or subpoenaed or endorsed on the criminal information or juvenile petition as a witness, or who makes a report of abuse or neglect pursuant to Section 1-2-101 of Title 10A of the Oklahoma Statutes or Section 10-104 of Title 43A of the Oklahoma Statutes, or who is a witness to any reported crime, or threatens or procures physical or mental harm through force or fear with the intent to prevent any witness from appearing in court to give his or her testimony or produce any record, document or other object, or to alter his or her testimony is, upon conviction, guilty of a felony punishable by not less than one (1) year nor more than ten (10) years in the custody of the Department of Corrections.

B. Every person who threatens physical harm through force or fear or causes or procures physical harm to be done to any person or harasses any person or causes a person to be harassed because of testimony given by such person in any civil or criminal trial or proceeding, or who makes a report of abuse or neglect pursuant to Section 1-2-101 of Title 10A of the Oklahoma Statutes or Section 10-104 of Title 43A of the Oklahoma Statutes, is, upon conviction, guilty of a felony punishable by not less than one (1) year nor more than ten (10) years in the custody of the Department of Corrections.

R.L. 1910, § 2230. Amended by Laws 1977, c. 158, § 1, eff. Oct. 1, 1977; Laws 1981, c. 92, § 1, eff. Oct. 1, 1981; Laws 1991, c. 296, § 29, eff. Sept. 1, 1991; Laws 1993, c. 182, § 1, emerg. eff. May 17, 1993; Laws 1997, c. 133, § 199, eff. July 1, 1999; Laws 1999, 1st Ex. Sess., c. 5, § 111, eff. July 1, 1999; Laws 2013, c. 243, § 1, eff. Nov. 1, 2013.

NOTE: Laws 1998, 1st Ex. Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 199 from July 1, 1998, to July 1, 1999.

# 2016 Oklahoma Statutes
# Title 22. Criminal Procedure
# §22-1402. Definitions.

Universal Citation: 22 OK Stat § 22-1402 (2016)

As used in the Oklahoma Racketeer-Influenced and Corrupt Organizations Act:

1. "Beneficial interest" includes:

a.the interest of a person as a beneficiary pursuant to a trust, in which the trustee holds legal title to personal or real property, or

b.the interest of a person as a beneficiary pursuant to any other arrangement under which any other person holds legal title to personal or real property for the benefit of such person.

The term beneficial interest does not include the interest of a stockholder in a corporation or the interest of a partner in either a general or limited partnership;

2. "Enterprise" includes any individual, sole proprietorship, partnership, corporation, trust, governmental entity, or other legal entity, or any union, association, unincorporated association or group of persons, associated in fact although not a legal entity, involved in any lawful or unlawful project or undertaking or any foreign organization that the United States Secretary of State has designated a foreign terrorist organization pursuant to Title 8 U.S.C.A., Section 1189;

3. "Innocent party" includes bona fide purchasers and victims;

4. "Lien notice" means the notice pursuant to the provisions of Section 1412 of this title;

5. "Pattern of racketeering activity" means two or more occasions of conduct:

a.that include each of the following:

(1)constitute racketeering activity,

(2)are related to the affairs of the enterprise,

(3)are not isolated, and

(4)are not so closely related to each other and connected in point of time and place that they constitute a single event, and

b.where each of the following is present:

(1)at least one of the occasions of conduct occurred after November 1, 1988,

(2)the last of the occasions of conduct occurred within three (3) years, excluding any period of imprisonment served by any person engaging in the conduct, of a prior occasion of conduct, and

(3)for the purposes of Section 1403 of this title each of the occasions of conduct constituted a felony pursuant to the laws of this state;

6. "Pecuniary value" means:

a.anything of value in the form of money, a negotiable instrument, or a commercial interest, or anything else, the primary significance of which is economic advantage, or

b.any other property or service that has a value in excess of One Hundred Dollars ($100.00);

7. "Person" means any individual or entity holding or capable of holding a legal or beneficial interest in property;

8. "Personal property" includes any personal property, or any interest in such personal property, or any right, including bank accounts, debts, corporate stocks, patents or copyrights. Personal property and beneficial interest in personal property shall be deemed to be located where the trustee, the personal property, or the instrument evidencing the right is located;

9. "Principal" means a person who engages in conduct constituting a violation of the Oklahoma Racketeer-Influenced and Corrupt Organizations Act or who is legally accountable for the conduct of another who engages in a violation of the Oklahoma Racketeer-Influenced and Corrupt Organizations Act;

10. "Racketeering activity" means engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in any conduct which is chargeable or indictable as constituting a felony violation of one or more of the following provisions of the Oklahoma Statutes, regardless of whether such act is in fact charged or indicted:

a.relating to homicide pursuant to the provisions of Section 651, 652, 653, 701.7, 701.8, 701.16, 711 or 716 of Title 21 of the Oklahoma Statutes or relating to concealment of homicidal death pursuant to the provisions of Section 543 of Title 21 of the Oklahoma Statutes,

b.relating to kidnapping pursuant to the provisions of Section 741, 745, 891 or 1119 of Title 21 of the Oklahoma Statutes,

c.relating to sex offenses pursuant to the provisions of Section 886, 888, 1021, 1021.2, 1021.4, 1024.2, 1111, 1111.1, 1114 or 1123 of Title 21 of the Oklahoma Statutes,

d.relating to bodily harm pursuant to the provisions of Section 645, 650, 650.2, 1289.16, 1302, 1303 or 1767.1 of Title 21 of the Oklahoma Statutes,

e.relating to theft, where the offense constitutes a felony, pursuant to the provisions of Section 1704, 1707, 1708, 1709, 1710, 1711, 1713, 1716, 1719, 1720, 1721, 1722, 1723 or 1731 of Title 21 of the Oklahoma Statutes,

f.relating to forgery pursuant to the provisions of Section 1561, 1562, 1571, 1572, 1574, 1575, 1577, 1578, 1579, 1580, 1581, 1582, 1583, 1584, 1585, 1586, 1587, 1588, 1589, 1590, 1591 or 1593 of Title 21 of the Oklahoma Statutes,

g.relating to robbery pursuant to the provisions of Section 797, 800 or 801 of Title 21 of the Oklahoma Statutes,

h.relating to burglary pursuant to the provisions of Section 1431, 1435 or 1437 of Title 21 of the Oklahoma Statutes,

i.relating to arson pursuant to the provisions of Section 1368, 1401, 1402, 1403 or 1404 of Title 21 of the Oklahoma Statutes,

j.relating to use or possession of a firearm or other offensive weapon while committing or attempting to commit a felony pursuant to the provisions of Section 1287, 1289.20 or 1289.21 of Title 21 of the Oklahoma Statutes,

k.relating to gambling pursuant to the provisions of Section 941, 942, 944, 945, 946, 948, 954, 956, 957, 969, 970, 971, 981, 982, 983, 984, 985, 986, 987, 991 or 992 of Title 21 of the Oklahoma Statutes,

l.relating to bribery in contests pursuant to the provisions of Section 399 or 400 of Title 21 of the Oklahoma Statutes,

m.relating to interference with public officers pursuant to the provisions of Section 434, 436, 437, 438, 439, 440, 441, 443, 444, 521, 522, 532, 540, 543, 545 or 546 of Title 21 of the Oklahoma Statutes,

n.relating to interference with judicial procedure pursuant to the provisions of Section 388, 453, 455, 456, 491, 496 or 504 of Title 21 of the Oklahoma Statutes,

o.relating to official misconduct pursuant to the provisions of Section 380, 381, 382, 383, 384, 385, 386, 389, 390, 950 or 976 of Title 21 of the Oklahoma Statutes, or Section 3404 of Title 74 of the Oklahoma Statutes,

p.relating to the Uniform Controlled Dangerous Substances Act, where the offense constitutes a felony, pursuant to the provisions of Section 2-101 et seq. of Title 63 of the Oklahoma Statutes,

q.relating to automobile theft pursuant to the provisions of Section 4-102, 4-103, 4-107, 4-108, 4-109 or 4-110 of Title 47 of the Oklahoma Statutes,

r. relating to embezzlement pursuant to the provisions of Section 1412 of Title 6 of the Oklahoma Statutes, Section 641 of Title 19 of the Oklahoma Statutes, Section 341, 531 or 1451 of Title 21 of the Oklahoma Statutes, Section 163.4 of Title 37 of the Oklahoma Statutes, Section 1025 of Title 64 of the Oklahoma Statutes or Section 1361 of Title 68 of the Oklahoma Statutes,

s. relating to extortion, where the offense constitutes a felony, pursuant to the provisions of Section 1304, 1481, 1482, 1485, 1486 or 1488 of Title 21 of the Oklahoma Statutes,

t. relating to fraud, where the offense constitutes a felony, pursuant to the provisions of Section 208.6, 208.7 or 208.8 of Title 3A of the Oklahoma Statutes, Section 753 of Title 15 of the Oklahoma Statutes, Section 552.14a of Title 18 of the Oklahoma Statutes, Section 358, 1411, 1412, 1413, 1414, 1415, 1416, 1503, 1521, 1541.1, 1541.2, 1541.3, 1542, 1543, 1544, 1550.2, 1550.22, 1550.23, 1550.24, 1550.25, 1550.26, 1550.27, 1550.28, 1550.29, 1550.30, 1550.31, 1550.32, 1632, 1635 or 1662 of Title 21 of the Oklahoma Statutes, Section 243 of Title 56 of the Oklahoma Statutes, or Section 604 of Title 62 of the Oklahoma Statutes,

u. relating to conspiracy, where the offense constitutes a felony, pursuant to the provisions of Section 421, 422 or 424 of Title 21 of the Oklahoma Statutes,

v. relating to prostitution, pornography or obscenity pursuant to the provisions of Section 1021, 1040.52, 1081, 1085, 1086, 1087 or 1088 of Title 21 of the Oklahoma Statutes,

w. relating to the Oklahoma Alcoholic Beverage Control Act, where the offense constitutes a felony, pursuant to the provisions of Section 506.1 et seq. of Title 37 of the Oklahoma Statutes,

x. relating to the Oklahoma Uniform Securities Act of 2004, where the offense constitutes a felony, pursuant to the provisions of Sections 1-101 through 1-701 of Title 71 of the Oklahoma Statutes,

y. relating to human trafficking or trafficking in children pursuant to the provisions of Section 748, 866 or 867 of Title 21 of the Oklahoma Statutes,

z. relating to illegal aliens pursuant to the provisions of Section 446 of Title 21 of the Oklahoma Statutes,

aa. relating to organized voter fraud pursuant to the provisions of Section 16-102, 16-102.1, 16-102.2, 16-103, 16-103.l, 16-104, 16-105, 16-106, 16-113, 16-120 or 16-123.1 of Title 26 of the Oklahoma Statutes,

bb. relating to terrorism and terrorist activities pursuant to the provisions of the Sabotage Prevention Act or the Oklahoma Antiterrorism Act,

cc. relating to exploitation of elderly persons or disabled adults pursuant to the provisions of Section 843.4 of Title 21 of the Oklahoma Statutes,

dd. relating to computer crimes pursuant to the provisions of Sections 1953 and 1958 of Title 21 of the Oklahoma Statutes,

ee. relating to unlawful proceeds pursuant to the provisions of Section 2001 of Title 21 of the Oklahoma Statutes,

ff. relating to insurance fraud pursuant to the provisions of Section 311.1 of Title 36 of the Oklahoma Statutes, or

gg. relating to workers' compensation fraud pursuant to the provisions of Section 1663 of Title 21 of the Oklahoma Statutes.

In addition, "racketeering activity" may be proven by proof of engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in any of the above described conduct within another state, regardless of whether said conduct is chargeable or indictable in that state;

11. "Real property" means any real property or any interest in real property, including any lease of, or mortgage upon real property. Real property and beneficial interest in real property shall be deemed to be located where the real property is located;

12. "Trustee" includes trustees, a corporate as well as a natural person and a successor or substitute trustee in accordance with the Oklahoma Trust Act; and

13. "Unlawful debt" means any money or other thing of value constituting principal or interest of a debt that is unenforceable in the courts of Oklahoma, because the debt was incurred or contracted in violation of a law relating to the business of gambling activity or in violation of federal or state law but does not include any debt owed to a bank, savings and loan association, credit union or supervised lender licensed by the Oklahoma Administrator of Consumer Credit or to any debt referred or assigned to a debt collection agency, which referral or assignment is accepted in good faith by the debt collection agency as a debt collectible under the Uniform Commercial Code or other laws of this state and enforceable in the courts of this state.

Added by Laws 1988, c. 131, § 2, eff. Nov. 1, 1988. Amended by Laws 1989, c. 348, § 19, eff. Nov. 1, 1989; Laws 1993, c. 156, § 2, emerg. eff. May 7, 1993; Laws 2010, c. 456, § 5, eff. Nov. 1, 2010; Laws 2013, c. 234, § 1, eff. Nov. 1, 2013

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-1451. Embezzlement defined - Penalties.

**Universal Citation:** 21 OK Stat § 21-1451 (2014)

A. Embezzlement is the fraudulent appropriation of property of any person or legal entity, legally obtained, to any use or purpose not intended or authorized by its owner, or the secretion of the property with the fraudulent intent to appropriate it to such use or purpose, under any of the following circumstances:

10/4/23, 11:01 AM    Yahoo Mail - Foul Play wanting investigation should have been sent to Da for probable cause of arrest. Written statements for fel…

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 44 of 95

1. Where the property was obtained by being entrusted to that person for a specific purpose, use, or disposition and shall include, but not be limited to, any funds "held in trust" for any purpose;

2. Where the property was obtained by virtue of a power of attorney being granted for the sale or transfer of the property;

3. Where the property is possessed or controlled for the use of another person;

4. Where the property is to be used for a public or benevolent purpose;

5. Where any person diverts any money appropriated by law from the purpose and object of the appropriation;

6. Where any person fails or refuses to pay over to the state, or appropriate authority, any tax or other monies collected in accordance with state law, and who appropriates the tax or monies to the use of that person, or to the use of any other person not entitled to the tax or monies;

7. Where the property is possessed for the purpose of transportation, without regard to whether packages containing the property have been broken;

8. Where any person removes crops from any leased or rented premises with the intent to deprive the owner or landlord interested in the land of any of the rent due from that land, or who fraudulently appropriates the rent to that person or any other person; or

9. Where the property is possessed or controlled by virtue of a lease or rental agreement, and the property is willfully or intentionally not returned within ten (10) days after the expiration of the agreement.

Embezzlement does not require a distinct act of taking, but only a fraudulent appropriation, conversion or use of property.

B. Except as provided in subsection C of this section, embezzlement shall be punished as follows:

1. If the value of the property embezzled is less than Five Hundred Dollars ($500.00), any person convicted shall be punished by a fine not exceeding One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for a term not more than one (1) year, or by both such fine and imprisonment;

2. If the value of the property embezzled is Five Hundred Dollars ($500.00), or more but less than One Thousand Dollars ($1,000.00), any person convicted shall be guilty of a felony and shall be punished by imprisonment in the county jail for not more than one (1) year or by imprisonment in the county jail for one or more nights or weekends pursuant to Section 991a-2 of Title 22 of the Oklahoma Statutes, at the discretion of the court, and shall be subject to a fine not exceeding Five Thousand Dollars ($5,000.00), and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes;

3. If the value of the property embezzled is One Thousand Dollars ($1,000.00) or more but less than Twenty-five Thousand Dollars ($25,000.00), any person convicted shall be guilty of a felony and shall be punished by imprisonment in the custody of the Department of Corrections for a term of not more than five (5) years, and a fine of not exceeding Five Thousand Dollars ($5,000.00), and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes; or

4. If the value of the property embezzled is Twenty-five Thousand Dollars ($25,000.00) or more, any person convicted shall be guilty of a felony and shall be punished by imprisonment in the custody of the Department of Corrections for a term of not more than ten (10) years, and a fine not exceeding Ten Thousand Dollars ($10,000.00), and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes.

For purposes of this subsection, a series of offenses may be aggregated into one offense when they are the result of the formulation of a plan or scheme or the setting up of a mechanism which, when put into operation, results in the taking or diversion of money or property on a recurring basis. When all acts result from a continuing course of conduct, they may be aggregated into one crime. Acts forming an integral part of the first taking which facilitate subsequent takings, or acts taken in preparation of several takings which facilitate subsequent takings, are relevant to determine the party's intent to commit a continuing crime.

C. Any county or state officer, deputy or employee of such officer, who shall divert any money appropriated by law from the purpose and object of the appropriation, shall, upon conviction, be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for a term not less than one (1) year nor more than ten (10) years, and a fine equal to triple the amount of money so embezzled and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes. The fine shall operate as a judgment lien at law on all estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the use of the person whose money or other funds or property were embezzled. In all cases the fine, so operating as a judgment lien, shall be released or entered as satisfied only by the person in interest.

D. Any executor, administrator, trustee, beneficiary or other person benefiting from, acting in a fiduciary capacity for, or otherwise administering a probate, intestate, or trust estate, whether the trust is inter vivos or testamentary, upon conviction of embezzlement from the estate shall not receive any portion, share, gift or otherwise benefit from the estate.

R.L.1910, § 2670. Amended by Laws 2002, c. 460, § 12, eff. Nov. 1, 2002; Laws 2004, c. 275, § 7, eff. July 1, 2004; Laws 2011, c. 280, § 1, eff. Nov. 1, 2011; Laws 2012, c. 235, § 1, eff. July 1, 2012.

# 2015 Oklahoma Statutes
# Title 84. Wills and Succession
# §84-43. Duress, menace, fraud, or undue influence - Revocation.

Case 4:23-cv-00431-GKF-SH Document 1 Filed in USDC ND/OK on 10/06/23 Page 45 of 95

**Universal Citation:** 84 OK Stat § 84-43 (2015)

A will or part of a will procured to be made by duress, menace, fraud or undue influence, may be denied probate; and a revocation procured by the same means, may be declared void.

R.L.1910, § 8340.

For Misty Lnae to try and move Mary Jane WOod to another state during the time of objection to guardianship for fraud and false custody./ Doctor Mcaulty will confirm.

From: Cary Cassel (casselcary@ymail.com)

To: district12da@dac.state.ok.us; inforeferral@okdhs.org; criminal.division@usdoj.gov; consumerprotection@oag.ok.gov; taylor.henderson@cojc.ok.gov; fraudstoppers@oid.ok.gov; glen.mulready@oid.ok.gov; tips@osbi.ok.gov; troy.morris@osbi.ok.gov; dhs-oig.officepublicaffairs@oig.dhs.gov; captain@mayessheriff.org; tramelk@pryorcreek.org; bja.justice@usdoj.gov; charles.jackson@okdhs.org; tracyn@okbar.org; donna.dorr@oid.ok.gov; gjd1@swbell.net; jsummers@glmhc.net

Date: Friday, March 19, 2021 at 02:55 PM CDT

---

File(s) were sent to you using WinZip Courier via ZipShare, the fastest way to send large files.

Download now: MOV_0291_20210319145144.zip

Share files with ZipShare; Zip and Unzip files with WinZip.

---

A person is guilty of **reckless endangerment in the second degree** when he **recklessly** engages in conduct which creates a substantial risk of serious physical injury to another person. **Reckless endangerment in the second degree** is a class A misdemeanor

Upon several other State statutes taht should have been sent to the District attorney after the reports from Cary Cassel before the guardianship. With the protective order pending from Mary jane WOod and Cary Cassel on Misty Lane.

THe protective order in place from Judge Stout should have been disclosed to Mark Grober. Not to allow Misty Lane to file the objection. Another reason why , when the DA wasnt sent reports from the Police in Pryor, would the investigation of DA MaTT Ballard would have denied it. WIth charges to be filed against Misty Lane before the proceedings.

Instead they were suppressed like the care and case from APS?DHS a state agency. ALLOWING a frame up To Cassel family from Misty Lane to continue to gain advantage in district and civil court. To follow the pattern of fraud without Protective State protocols to be in place from mandatory reporters. Like Police, DA, court attorneys with 100 mandatory emails , and evidence to report to police for help. Instead client Cary Cassel attorneys communicated with Misty Lane by wives or directly to be biased with false accusations. While Cassel family attended to care of Vulnerable adults. Ad litem attorney Ben Sheere talked to Misty lane or Wife of Ben Sheere in a pattern of misconduct . To use system systematically with circumstantial evidence to change outcome to control estate by claiming Cassel family was perpetrator. Instead of complying with APS/DHS.

With statements such as had his own mother committed. Instead of a ultimatum from APS/DHS to care for WOods. Or DHS/APS would have filed a guardianship to collect all assets to pay for medical. When Misty Lane tried before with fraud to get Mother out of protective care with DHS/APS Being in Florida. Never coming to hep WOods. Only allowing more police, and firehouse reports for APS/DHS to investigate and put WOods in custody in 2018 October. Leaving self neglect to keep happening. For the Woods to die alone with malnutrition. Or failing to comply with DOctors/Hospitals, others to take advantage of them (known). Instead Misty Lane was worried about

Case 4:23-cv-00431-GKF-SH     Document 1 Filed in USDC ND/OK on 10/06/23     Page 47 of 95

Losing inheritance being first born or having a royal right to all assets.  Trying to extort assets early in reports to attorneys and local police.  WIthout a word to DA or others.   While Cassels were complying with DHS/APS 100% known.   TO mislead others of a son who moved in without authority , to be a opportunist.  To deprive 2 vulnerable adults parents, of liberty and property without due process and elder abusing or even Killing.     For possible incarceration several times over .   At the hand of Misty Lane for police investigations or altercations To intimidate Cassel family .  WIth acute duress, and fear to quit care for WOODS or leave litigation .  So Misty Lane could come in a claim estate for WOODS.

APS/DHS in Pryor, OKlahoma area Monroe ALexander quit August 1 2019.    SUpervisory Jo Sykes would not return several multiple phone calls and messages to follow up.

To allow failure in courts system.   The DIrect case and texts from Cary Cassel and Monroe Alexander .     WIll prove the compliance along with Misty lanes intentions.    ALong with vivd videos text messages, emails, and professionals from Hospitals , Doctors, administrators Mental health Vinita.

The video attachment is Mary jane Wood in St Francis Hospital stating how Misty Land keeps pressuring her to give assets early before death or probate.    Ive got direct text messages from Misty Lane as well  stating and trying to use me.    Then Cary Cassel started acting in a protective manner.  For all the scam and false blaming to begin.

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 48 of 95

## Response to Information

From: Allen, Justin (allenj@pryorcreek.org)

To:    casselcary@ymail.com

Date:  Thursday, September 21, 2023 at 01:45 PM CDT


Mr. Cassel,

I received the documentation that you provided via email as well as your written statement. I have consulted with Chase McBride as well as Matt Primm, who are the attorneys handling everything involving the estate. I have been advised by both Mr. McBride and Mr. Primm that all happenings involving the estate are being evaluated. If there has been any misappropriation of funds from the estate then evidence will need to be presented to the court, Mr. McBride or Mr. Primm. As of right now there is no evidence supporting that there has been embezzlement against the estate. However, I have been told that documentation is being requested regarding the estate and the spending against it. At this time this is a civil matter and will not be investigated criminally. In the event that it is found that funds have been taken from the account by your sister, she should be ordered to repay those funds via the civil case.

Unless further information becomes available, no criminal investigation will be conducted at this time. Mr. McBride and Mr. Primm have both stated that they will contact me if further information that warrants an investigation is presented to them.

If you have any questions, please do not hesitate to contact me.

Have a wonderful day,

--
*Sergeant Justin Allen #40*
*Detective Division*
*Pryor Creek Police Department*
*Office-(918)825-1212*
*Fax-(918)825-2223*

Re: Following up.

From:  Allen, Justin (allenj@pryorcreek.org)

To:    casselcary@ymail.com

Date:  Thursday, September 21, 2023 at 12:40 PM CDT


Your emails were going to my spam folder.  I am reviewing now.

> On Thu, Sep 21, 2023 at 11:42 AM Cary Cassel <casselcary@ymail.com> wrote:
>
> Mr Allen,
>
>   You said you'd get back with me at the end of day.  You did not.    On jurisdiction.   However ,
> you also said you'd contact DA.    I did call Pryor, Da.  they said they have no police report.
>
> **Best Regards,**
>
> **x__Cary Cassel__**
>
> Cary Cassel
> 705 SE 14th St
> Pryor, Oklahoma
> 74361
> 918-902-8916

--
*Sergeant Justin Allen #40*
*Detective Division*
*Pryor Creek Police Department*
*Office-(918)825-1212*
*Fax-(918)825-2223*

Case 4:23-cv-00431-GKF-SH    Document 1 Filed in USDC ND/OK on 10/06/23    Page 50 of 95

## Please specifically respond.

From: Allen, Justin (allenj@pryorcreek.org)

To:    casselcary@ymail.com

Date: Monday, March 8, 2021 at 01:32 PM CST

Cary,

Please identify and specify the specific crimes you allege to have occurred in the jurisdiction of the Pryor Police Department.

--
*Detective Justin Allen #40*
*Pryor Creek Police Department*
*Office-(918)825-1212*
*Fax-(918)825-2223*

Case 4:23-cv-00431-GKF-SH     Document 1 Filed in USDC ND/OK on 10/06/23     Page 51 of 95

## I have an idea...

From: Allen, Justin (allenj@pryorcreek.org)

To:    casselcary@ymail.com

Date:  Friday, March 5, 2021 at 01:40 PM CST


Cary it is clear that you have a ton of information you wish to share for issues that have allegedly occurred over years at this point.  With that much information to share and with so many emotions involved things can get jumbled up.  What I would like you to do Cary is sit down at your computer and type the whole story in one document/ statement.  I know that will take time but it will help people understand what you are trying to say.  Once we have that I think there will be a more common understanding if that makes sense.

--
*Detective Justin Allen #40*
*Pryor Creek Police Department*
*Office-(918)825-1212*
*Fax-(918)825-2223*

Re: I have an idea...

From: Allen, Justin (allenj@pryorcreek.org)

To: casselcary@ymail.com

Date: Friday, March 5, 2021 at 01:58 PM CST

Sir in a criminal investigation there is nothing that is simply self explanatory when emils and documents are sent. If you are wanting a specific crime investigated then i need to know what the accusation is and what evidence you have to support the claim. You can not simply send pages and pages of documentation and expect that law enforcement and prosecutors will simply figure it and file criminal charges. I understand that you have a lot to say and that you have a lot of documentation as well. That is why the best thing to do is to start from the beginning and type out a statement as to everything that you want investigators to know. That way if it needs to be forwarded to any other entity then it is documented in its entirety. There has to be some order put to the information you have given because you have so much of it. Once I have your statement we can start to gather all of your documentation that supports claims that you have. Does that make sense at all?

> On Fri, Mar 5, 2021 at 1:50 PM Cary Cassel <casselcary@ymail.com> wrote:
>
> I thought it was self explanatory.. THe attachments for evidence should be good. I dont mind showing you the direct path . With each email. Ill be getting statements form others. To you as well. Call me in if you want me to point out on each eamil one before the next. I have 2 forms of dyslexia. I can get things out of order sometimes. BUT, I do want to show you. Have you explain maybe. If it isnt a crime.
>
> On Friday, March 5, 2021, 01:40:06 PM CST, Allen, Justin <allenj@pryorcreek.org> wrote:
>
>
> Cary it is clear that you have a ton of information you wish to share for issues that have allegedly occurred over years at this point. With that much information to share and with so many emotions involved things can get jumbled up. What I would like you to do Cary is sit down at your computer and type the whole story in one document/ statement. I know that will take time but it will help people understand what you are trying to say. Once we have that I think there will be a more common understanding if that makes sense.
>
> --
> *Detective Justin Allen #40*
> *Pryor Creek Police Department*
> *Office-(918)825-1212*
> *Fax-(918)825-2223*

--
*Detective Justin Allen #40*
*Pryor Creek Police Department*
*Office-(918)825-1212*
*Fax-(918)825-2223*

## Re: Contacting DOctors to report to you. Since no investigation will be followed up on explitation.. No worries.

From:  Allen, Justin (allenj@pryorcreek.org)

To:    casselcary@ymail.com

Date:  Friday, March 5, 2021 at 01:49 PM CST

Did you get my email requesting you to type everything up in one document/statement?

> On Fri, Mar 5, 2021 at 1:47 PM Cary Cassel <casselcary@ymail.com> wrote:
>
>> Im contacting all doctors involved today for appointment to write letters for a investigation on elder abuse on Mary
>> Jane Wood   with Misty Lane coercing recordings of crying to make beleive Mary jane Wood was fine.
>> Using her dementia to misdirects others of false accusations to report online for blackmailing.

--
*Detective Justin Allen #40*
*Pryor Creek Police Department*
*Office-(918)825-1212*
*Fax-(918)825-2223*

10/4/23, 10:58 AM          Yahoo Mail - Re: Mr Allen please dont dismiss this.

Case 4:23-cv-00431-GKF-SH          Document 1 Filed in USDC ND/OK on 10/06/23          Page 54 of 95

Re: Mr Allen please dont dismiss this.

From:  Allen, Justin (allenj@pryorcreek.org)

To:    casselcary@ymail.com

Date:  Friday, March 5, 2021 at 01:24 PM CST

Your complaint yesterday was your sister obtained money from life insurance that she was not entitled to. I need documentation of that. Are you wanting your sister charged with a criminal offense???

> On Fri, Mar 5, 2021 at 12:17 PM Cary Cassel <casselcary@ymail.com> wrote:

> Misty lane or Kristina Mozingo . (misty Lanes daughter) printed online several times TO facebook messenger to my friends Ginger Dunn.    Or mylife.com

> Number 2   is very on point for the accusations printed for black mail.   TO leave situation of litigation for estate fraud and harassment.

# 2014 Oklahoma Statutes
# Title 21. Crimes and Punishments
# §21-1488. Blackmail.

**Universal Citation:** 21 OK Stat § 21-1488 (2014)

Blackmail is verbally or by written or printed communication and with intent to extort or gain any thing of value from another or to compel another to do an act against his or her will:

1. Accusing or threatening to accuse any person of a crime or conduct which would tend to degrade and disgrace the person accused;

2. Exposing or threatening to expose any fact, report or information concerning any person which would in any way subject such person to the ridicule or contempt of society; or

3. Threatening to report a person as being illegally present in the United States, and is coupled with the threat that such accusation or exposure will be communicated to a third person or persons unless the person threatened or some other person pays or delivers to the accuser or some other person some thing of value or does some act against his or her will. Blackmail is a felony punishable by imprisonment in the State Penitentiary for not to exceed five (5) years or fine not to exceed Ten Thousand Dollars ($10,000.00) or by both such imprisonment and fine.

Added by Laws 1974, c. 142, § 1, emerg. eff. May 3, 1974. Amended by Laws 1997, c. 133, § 363, eff. July 1, 1999; Laws 1999, 1st Ex.Sess., c. 5, § 255, eff. July 1, 1999; Laws 2010, c. 409, § 4, eff. Nov. 1, 2010.

NOTE: Laws 1998, 1st Ex.Sess., c. 2, § 23 amended the effective date of Laws 1997, c. 133, § 363 from July 1, 1998, to July 1, 1999.

If Misty Lane did you recordings of Mary Jane WOod going through Psychosis and dementia(sundowners). Thats coercion to mislead others of actual situation. Using a vulnerable adult to do so. For others to file false reports to DHS or police for investigations using fraud. Thats gross exploitation and neglect from Misty Lane.

--

*Detective Justin Allen #40*
*Pryor Creek Police Department*
*Office-(918)825-1212*
*Fax-(918)825-2223*

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

### DISTRICT OF _____

### EXHIBIT AND WITNESS LIST

V.

Case Number: _____

| PRESIDING JUDGE | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|
| TRIAL DATE (S) | | | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| A | | 6 Pages | | | Foul Play Police Report |
| B | | 3 pages | | $40,000.00 Under OATH |
| C | | 2 pages | | Court TRO Electric |
| D | | 3 pages | | Assault over Acounting Estate assets |
| E | | 1 page | | Embezzelment $5000.00 10-26-22 |
| F | | 2 pages | | Deprivation of Rights 5-8-21 |
| G | | 3 pages | | False Accusations 5-8-21 |
| H | | 1 page | | Hospital report of Lane harrassing |
| I | | 2 page | | Cease & Desist 2019 |
| J | | 5 pages | | Protective Order Hearing |
| K | | 7 pages | | Threats Online Defamation - Bully |
| L | | 1 page | | Funeral Wanting Body Exhumed |
| M | | 2 pages | | Harrassment |
| N | | 1 page | | Harrassment |
| O | | 1 page | | Vicarious Harrassment 10-4-23 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.





**Pryor Police Department**
**Voluntary Statement**

Case # 2310- 0190

Page No. ___ of ___ Pages

(Print Your Name) I, _Cary Cassel_ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to **Pryor Police Department**. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| First Name: Cary | Middle Name: Don | Last Name: Cassel |
|---|---|---|
| Date of Birth: 12 2 70 | Address: 705 SE 14th St. | City/State/zip: Pryor OK 74361 |
| Driver's License #: P004884915 | SSN#: 447 70 7928 | Phone #: 918 902 8916 |
| Tag #: | VIN #: | ALT Phone #: |

I Cary Cassel state Misty Lane has been performing Vicarious Harrassment since 2019 to current day. With a Pattern of Practice.
- False Police reports to Police of "foul Play" of Mary Jane Wood being Poisoned.
- False Police reports of abuse of Mary Jane Wood to Police
- False Police reports of Financial exploitation of Mary Jane Wood
- Misleading reports of being Paid $40,000⁰⁰ as Guardian instead of Beneficiary for Abuse of Process / Malicious Prosecution.
- Assault to cover up and mislead of accounting for property from Estate of Mary Jane Wood.
- Embezzlement of Cash from Estate of Mary Jane Wood.
- Illegal self help evictions, when failing to pay for Nessicary services (upkeep) for reasonable living conditions during Covid, Failing to turn on Electric in Estates name TRO.
- Improper Disclosure of Mental Health records under Oath. Hippa Violations for a felony

I certify that the information I have given to law enforcement authorities in the above referenced case is accurate and truthful to the best of my knowledge. I am aware that, if I provide false information to any law enforcement officer regarding the above referenced investigation, I may be prosecuted for a criminal offense. Crimes with which I could be charged may include, but are not limited to, Providing a False Report of a Crime Purportedly Committed (21 O.S. § 589) and Perjury (21 O.S. § 491), both of which are punishable by a fine and/or imprisonment. I may also be financially obligated to reimburse each law enforcement agency for their time and other expenses incurred as a result of my false accusations and/or information. I also understand that the obligation to provide accurate and truthful information is a continuing responsibility which remains constant throughout the investigation of the case and prosecution of any suspects.

Date 10-4-23

Signature _Cary Cassel_



## Single Dispatch Detail Report
### Include Comments

A 1-6

**PRYOR POLICE DEPARTMENT**

| | | |
|---|---|---|
| **Date:** 8/19/2019 | **CFS#:** 2382593 | **Dispatcher ID#:** 113 |
| **Signal Desc:** OTHER CALLS | | |
| **Source:** PHONE | **Veh Lic Plate:** | **Phone:** (000)825-1212 |
| **Location:** 214 MILL S | **Apt#:** | **Dist:** |
| **Business:** PRYOR POLICE DEPARTMENT | | |

| | | |
|---|---|---|
| **Caller:** LANE, MISTY | | |
| **Address:** | **Apt#:** | |
| **C/S/Z:** PRYOR, OK 74361 | | **Phone:** (850)607-4953 |

| | |
|---|---|
| **Time Received:** 17:33 | |
| **Time Dispatched:** 17:57 | |
| **Time Arrived:** 17:58 | **Response Time:** 25 Min. |
| **Time Cleared:** 18:13 | **Total Time:** 40 Min. |

| | | | |
|---|---|---|---|
| **Unit:** 34 | **Off ID:** 34 | GARRETT, SCOTT | **Incident:** No |
| **Unit:** | **Off ID:** | | **Disp. Desc.:** CALL ATTENDED |
| **Unit:** | **Off ID:** | | |

**Comments:**
17:37:31 (113) ---- RP DROVE ALL THE WAY FROM FLORIDA FOR HER MOTHERS FUNERAL AND IS WANTING TO SPEAK TO AN OFFICER
ABOUT OPENING UP A DEATH INVESTIGATION ON HER MOTHER DUE TO HER SUSPECTING FOUL PLAY

*8-19-19.*

*Day of funeral ↑ before*

*$21-281  False Reporting of crime asking for action*

*○ False Reporting of serios offense for Malicious Prosecution.*

*Police knew it was wrong I'm sure. But I showed police mom was on hospice & misty knew. I asked*

*to charge 2x  Never happened.*   *Shows bias & harrassment*



**SAINT FRANCIS HOSPITAL**  Wood, Mary J
6161 S YALE AVE    MRN: 8726671, DOB: 10/6/1944, Sex: F
TULSA OK 74136-1902    Adm: 3/2/2019,  Disch: 3/10/2019
**ABSTRACT OF HEALTH
RECORD**

---

**Consults (continued)**

**Consults by Janie I Bates, RN at 3/7/2019 10:00 AM (continued)**

**Primary Terminal Hospice Diagnosis:  Undetermined**

**Secondary Hospice Diagnosis:  MDS**

**Comorbids:  Diabetes Type II, Depression, Arthritis**

**Prognosis: < 6months**

Mary J Wood was seen for evaluation for admission to Saint Francis Hospice Program. Although this patient is at the end of an acute hospital stay and may be eligible for Hospice in the community.

**Narrative:  Patient awake, alert, oriented X 3.  She has just eaten approximately 50% of her lunch.  She is able to feed herself.  Collaboration with Dr. McNulty via phone and the floor nurse prior to visiting with the patient to inform her about Hospice services, mission, philosophy, aggressive vs palliative care.  Patient admits that Dr. McNulty has told her about getting a Hospice consult, but denies that 1) she is aware that her condition is worsening, 2) that she needs additional help at home since her husband is now also in the hospital and 3) she is needing platelets more than weekly.  She does report that she knows "all about Hospice as she has had a family member who has worked at Grace Hospice, but that she would never use Grace Hospice." This hospice nurse reinforced Hospice services and philosophy with the patient and left her Hospice written informational packet and also the names of 3 other Hospices in the Pryor area per her request.   Report of this visit called to Dr. McNulty and given to the floor nurse, Laura.**

**Discharge Plan:  Home but undecided about Hospice.**

Please notify Hospice if there are any changes made that might require increased monitoring and titration of medications that would indicate a need for Hospice GIP level of care. Thank you for the opportunity to help with the care of your patient.

**IDG Team Member:  Janie Bates, RN**                    **Date: 3/7/2019**

Electronically signed by Janie I Bates, RN on 3/7/2019 11:19 AM

**Consults by Jihad Khattab, MD at 3/7/2019 8:19 PM**

| | | |
|---|---|---|
| Author:  **Jihad Khattab, MD** | Service:  **Oncology** | Author Type:  **Physician** |
| Filed:  **3/7/2019 8:25 PM** | Date of Service:  **3/7/2019 8:19 PM** | Status:  **Signed** |
| Editor:  **Jihad Khattab, MD (Physician)** | | |

**SAINT FRANCIS HEALTH SYSTEM**
**MEDICAL  ONCOLOGY CONSULT NOTE**

**Date of Service: 3/7/2019**

This confidential and privileged document/information is protected by federal and state law.  Unauthorized disclosure, dissemination or duplication is prohibited.

2 false police reports & Elder abuse   3-6

A

# Pryor Police Department
## Voluntary Statement

Case # 239-2384

Page No. 1 of 11 Pages

I, Cary C _____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to **Pryor Police Department.** Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 1970 | Address: 705 S.E. 14th St. | Phone #: 918 902 8916 |
|---|---|---|
| Driver's License #: P004884915 | Pryor OK 74361 | SSN: 447 70 7928 |

21-281   False reporting of crime

On 8-19-19 misty made a false report to open a death investigation and asked stevens funeral home to possibly have body exumed. It caused me emotional distress after harrassment for the past 6 mo. & I have text messages & hospital reports showing hospice notes considered. Text messages showing misty knew

21-281   also on 8-19-19 misty had police come to stevens funeral home to open a jewelry box. Not knowing mothers wishes or asking me what was in the box. I allowed the opening.

21-589   which report causes or encourages police action or investigation

Elder abuse   Text messages showing misty knew about will & shows motive for the harrassment police reports I filed. & I believe she is performing Inheritance theft currently.

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-29-19   Signature _____

Witness _____   Witness _____

*She never denied [handwritten] extortion* [handwritten]

| | | |
|---|---|---|
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | Sounds like your using the estate to extort more for your half. By threatning again | Apr 24, 2020<br>2:27 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | You know in Your heart You were wrong | Apr 24, 2020<br>2:27 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | Mom told Me not to let You get away with Your evil plans and that's why I'm pressing through | Apr 24, 2020<br>2:28 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | Your crazy, you even wanted mom's body examined after | Apr 24, 2020<br>2:28 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | Because she told Me she was afraid You were going to kill Her. | Apr 24, 2020<br>2:29 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | You're a liar. I know know. You've been spoiled | Apr 24, 2020<br>2:29 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | Lies | Apr 24, 2020<br>2:29 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | Odd how She died only a few days after You brought Her home | Apr 24, 2020<br>2:30 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | Yup. We'll you knew she was on hospice. You neverade it here once cause you failed mom | Apr 24, 2020<br>2:30 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | I have recordings of Her saying She was afraid of You. Bully *Maybe taken out the context. Or coerced* [handwritten] | Apr 24, 2020<br>2:31 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | You kept threatening with restraining orders and police *Because misty kept harrassing. police reports to prove.* [handwritten] | Apr 24, 2020<br>2:31 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | Right. When were losing her independence. Plus she was trying to get you here.. You didn't show up because you hated her | Apr 24, 2020<br>2:32 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | She didn't want You there *during losing independence. maybe.* [handwritten] | Apr 24, 2020<br>2:32 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | Lies. Same with you. You knew u could come here because they were dropped. Now why did I try getting a retraining order? | Apr 24, 2020<br>2:33 PM |
| From Misty Lane (850) 607-4953<br>To Cary Cassel (918) 902-8916 | Way to go blame it on Me. You were controlling everything *not taking responsibility,* [handwritten] | Apr 24, 2020<br>2:33 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | Well, she was sick and you wouldn't come. Because you're selfish | Apr 24, 2020<br>2:33 PM |
| From Cary Cassel (918) 902-8916<br>To Misty Lane (850) 607-4953 | It's a fact. | Apr 24, 2020<br>2:33 PM |



SAINT FRANCIS HOSPITAL   Wood, Mary J
6161 S YALE AVE          MRN: 8726671, DOB: 10/6/1944, Sex: F
TULSA OK 74136-1902      Adm: 3/2/2019, Disch: 3/10/2019
ABSTRACT OF HEALTH
RECORD

*[handwritten: A 5-6]*

*[handwritten: Beginning hospice recomondations]*

## Consults (continued)

**Consults by Jihad Khattab, MD at 3/7/2019 8:19 PM (continued)**
Requesting Physician: McNulty
Consulting Physician: Jihad Khattab, MD
Reason for Consultation: MDS

### Assessment
| ASSESSMENT/PLAN: |
| --- |

1. MDS
2. Pancytopenia

Chart reviewed, discussed with patient in details. She says she makes her own decisions regarding her medical management.
She has history of MDS diagnosed last year. She is now becoming transfusion dependent. Apparently she was seen by Dr. Trottmann and by Dr. Weibel in the past.
Extensive discussion with the patient regarding the natural history of myelodysplastic syndrome. She hadMDS/refractory anemia with excess blast one diagnosed in March 2018.
She says that she has never been offered systemic chemotherapy.
Discussed with her multiple options including:
-Repeating bone marrow biopsy to rule out the possibility of progressive disease to acute leukemia to follow with appropriate treatment such as Vidaza/ Dacogen as well as the already established transfusion support and growth factor support.
-Transfusion support only with growth factors, I would recommend erythropoietin 40,000 units weekly, transfusion for hemoglobin less than 8 and for platelets less than 10
-. Hospice care as it was already discussed today
-Referral to University of Oklahoma for clinical studies after obtaining a bone marrow biopsy .

The pros and cons of each approach discussed with her. She is interested in proceeding with repeating bone marrow biopsy. In the interim I will continu transfusion support as outlined above.

### Subjective
| SUBJECTIVE: |
| --- |

**HPI:**
Patient is MDS diagnosed in March 2018. She apparently was seen by 2 different medical oncologist. She states that she was never offered systemic therapy. Over the last 6 months, she became more transfusion dependent. She was also started on erythropoietin. She was admitted with left elbow fracture. Due to her transfusion dependence and platelet refractoriness, she was referred to me. At one point hospice was being considered but she was not interested.

**PAST MEDICAL HISTORY:**

Generated by Amanda L Hemric at 4/30/20 2:08 PM

This confidential and privileged document/information is protected by federal and state law. Unauthorized disclosure, dissemination or duplication is prohibited.

Page 514



 **SaintFrancis**
*Health System*

SAINT FRANCIS HOSPITAL
6161 S YALE AVE
TULSA OK 74136-1902
ABSTRACT OF HEALTH
RECORD

Wood, Mary J
MRN: 8726671, DOB: 10/6/1944, Sex: F
Adm: 8/9/2019,  Disch: 8/11/2019

---

**Discharge Summary - Discharge Summary Notes (continued)**

**Discharge Summary by Nataly Monserrath Vasquez Encalada, MD at 8/11/2019 11:38 AM (continued)**
-Bipolar disorder
-History of COPD—Tobacco abuse
-Suspected pseudoaneurysm with hematoma
-Acute systolic heart failure
-Left knee edema, suspected hematoma

*Last hospice recomendations*

**CONSULTS:**
1.  CV surgery
2.  Hematology

**PROCEDURES PERFORMED:**
1.  none

**HOSPITAL COURSE:**
Patient 74 y/o with history of MDS, type II diabetes, pancytopenia, hypothyroidism, patient presented yesterday to ER 8/9/19 feeling sick, she thought she may need transfusions, fever 101.4, continue with cough, home health found her febrile which prone her to seek medical attention. Patient was discharged 8/7 after 8 days of hospital course, she was treated for pneumonia, + rhinovirus, patient is oxygen dependant, patient was also hospitalized early July with E coli bacteremia and pneumonia,  patient follows Dr. KAthab as out patient and they have discussed  therapy with Vidaza, she is only receiving procrit.

Family meeting with patient and son, At bedside regarding current condition, plan of care, code status, goals of care,
Discussed diagnosis, patient was diagnosed with MDS and she has received multiple transfusions, on procrit as out patient, she has been hospitalized several times this year for different issues, currently she has platelet count 2000, not responding to transfusions or steroids, she was supposed to start alternative therapy by Dr, Katthab but she has been sick in the hospital that she did not have the chance, during hospital stay we also found her anemic, she was not responding to transfusions, but this am, hemoglobin has increased, blood cultures 2/2 showed bacteremia, suspected related to UTI like in the past month, CT chest showed pseudoaneurysm with hematoma, she is not a candidate for intervention due to her thrombocytopenia with poor response to  Transfusions, currently hypertensive on clevidipine, I think death is imminent, she also has developed acute pulmonary edema due to newly diagnosed heart failure, pulmonary edema has lead to respiratory failure. Patient states that she does not want prolong hospital stay, she wants to go home, he have offered hospice and she has agreed, she only wants to be comfortable. )

---

**DISCHARGE PLAN:**

**DISCHARGED TO:**
Hospice

---

This confidential and privileged
document/information is protected by
federal and state law.  Unauthorized
disclosure, dissemination or duplication
is prohibited.

FILED IN THE DISTRICT COURT
MAYES CO., OKLAHOMA

MAR 2 2 2023

JENIFER CLINTON, COURT CLERK
BY _____ DEPUTY

To Beth Degarmo to relay to The Honorable Judge

My name is Misty J Lane and I am the first born and Daughter of the now deceased Mary Jane Wood. I would request that You would allow Me to give My account of the circumstances and events leading up to My Mother's death and the continued court battles to present.

My half brother Cary Don Cassel and his wife Pam got into an altercation in January 2015, which led to Pam spitting in My Moms face and Cary Don beating My Mom and Woody up and trying to prevent them from calling 911. Cary was arrested and charged with assault. After that he filed a P.O. against My Mom before She could file one against him. She called him to tell him his grandmother Betty Preston died, HE then reported her call and had her arrested for P. O. violation.

They did not speak to see each other for 5 years after which time he found out Mom, Mary Jane and Her husband Woody, Carrol Wood, were sick and in the hospital, March 2019. Don and his family were behind on rent and evicted from their home in May 2019. Cary and Pam took advantage of My Mom and Woody's being in the hospital and moved into My Moms home against Her wishes.

DHS asked Me to take Guardianship At which time I proceeded to talk to My Mom and Cary Don about co- guardianship to which He responded that it could not be done. He proceeded to file for emergency Guardianship when He saw I was trying to be Guardian as well. He proceeded to take all My Moms freedoms away. He had Her Drivers License revoked after no accidents or tickets Her whole life. He then incapacitated Her by putting Her in Vinita, saying She was crazy and Bi-polar. I have over 50 recorded messages with My Mom stating She did not want Him in Her house, did not want him in any paperwork, did not want him to get anything after She saw him taking over her house, accounts, belongings and life. She was under great emotional distress during this time.

He proceeded to threaten to get P.O.'s or call the police on anyone that tried to help or come around My Mom, including Her Pastor, Her best Friend Dee, My Daughter Kristina, Her Tax accountant Calvin, Woody, Her Husbands Family and more. He confined and isolated My Mom so He could take everything from Her.

At least 6 People I know of including Myself, called DHS to report that they feared My Mom was being taken advantage of financially by Cary Don and Pam and feared for Her safety and well being, as well as being verbally and emotionally abused.

He fervently tried keeping Me from talking to and helping My Mom by preventing Me from knowing where she was and would not let Her talk to Her when She was at home the first 2 months after he moved in. He went as far as filing to get a P.O. to keep Me from seeing or talking to My Mom, stating lies that I was trying to kidnap My Mom, crash Her husbands funeral, have Her kicked out of Nursing homes and mental institutions. He later dropped request for P.O. when He found out I was Petitioning to become Personal Representative for My Moms Estate, and asking Me not to become P.R. and to work with Him after He completely ruined My Moms life and tried to ruin My reputation and to take My inheritance. He slandered Me to Woodys family, My Moms Pastor Trae, Friends, threatened to ruin My business in Florida by calling clients. Then wanted Me to trust him with dividing the estate. Instead of protecting Her and honoring My Mom in Her Golden years, He stripped Her of every freedom and material possession She had as well as causing Her extreme emotional distress which lead up to him bringing Her back home, putting her on hospice and she died a week later. He knew on hospice there

would be no medical exam or investigation as to the cause of her death. She stated to Me and Her tax attorney and best friend Dee, That she was afraid that Cary would suffocate her or kill her and nobody would know. Then he claims to have a will, saying she signed stating he gets everything and My Daughter and I get nothing. The signature does not match My Moms signature card from Her bank.

He is now trying to say, after months of threatening everyone with his power as Guardian and using Guardianship to take over Her life, accounts and belongings, stating now that he was not Guardian and is now trying to submit a will that he says my Mom signed after he incapacitated Her and used Her for his own financial gain. He is not satisfied with half of Her estate, which is what he would have received, since there was not a signed will.

Thank You for allowing Me to tell a portion of what happened surrounding My Mothers final months and the 3 ½ years that has followed in court battles. Thank You for taking all of this into consideration.

Please take note of these things:

- Mr. Cassel gave a incomplete accounting of the monies He and his wife Pam spent in the Guardianship from My Mothers and Her Husband Woody's bank account, and never accounted for the $45,000 in Life Insurance after Woody passed away July 2019, which most was directly deposited to there personal accounts instead of My Moms account.

- During Covid the Guardianship and Probate were ordered to be mediated, which never happened as the Judge to mediate retired and decided not to take the mediation, which resulted in the next two years trying to settle this through Our attorneys to no avail, with My attorney drawing up many settlement agreements at My expense, only for Him to stall or refuse to settle.

- I had given a partial accounting for the Probate and since the Guardianship Accounting is incomplete and I have not been able to obtain all the assets due to Mr. Cassels unwillingness to disclose the life insurance checks They received when Woody, My Moms Husband passed away July 2019 and My Mother passed away August 2019, and Mr Cassel has not been willing to give the remaining assets at the home, I have not been able to give a accurate accounting.

- They have lived rent free in My Mom's house for 4 years now even though they were ordered by the courts to pay fair market rent of $1250 per month. They have paid nothing to date, which totals $46,250 from court ordered date of February 2020 to March 2023.

- The last court hearing on February 8th, 2023 to have Mr Cassel removed from the house with Judge Taylor, was passed as My Attorney Mark Grober was working on reaching a settlement agreement with Mr Cassel on that day at court which I had agreed to Mr Cassels terms of settlement that they would get a loan to buy Me out for $57k by July 31st ,2023 or they would move out by August 31st, 2023 so the house could be sold, only to have him change his mind and file for more hearings at the courthouse with His wife Pam Cassel notarizing everything, which is

illegal to have a family member notarized documents. I have tried many ways to bring closure and settlement to this, but at this point feel He is just playing games and buying him more time to stay in My Mothers house rent free and to file for more hearings to get Me to give up. His last communication to My attorney was He wanted Me to sign over the deed, at which point My attorney, Mark Grober withdrew as My Attorney last week.

- My preference would be to have them evicted from the house, so the house can be sold so this can be resolved. They have had ample time to buy Me out of the house and to settle and Mr Cassel has just continued to file things and cause confusion and delay them moving out of the house which is the largest asset. The house is valued at $192k. From My understanding there is a $82,000 lien from Mr Cassels 3rd attorney Paul Gee.

- I would humbly request, if You see fit, that the Guardianship and Probate be ordered to be mediated again by a Judge.

- If You decide to continue the hearings I will need time to get a new attorney and will need to reschedule the March 8th and 22nd hearings which according to the court clerks office are 2 hearings for the same thing, which He filed twice. As well as to schedule a new hearing for the Objection to the Guardianship with the new Attorney I will have to hire to start this process all over again. Also, please take into consideration that I live and work in Pensacola, FL and it has been expensive and time consuming to travel back and forth for these hearings.

I have spent a lot of money, time and emotional energy fighting for My Mom and Her estate. I pray that You will see the documentation and injustice of what Mr Cassel put My Mother, Myself, family and others through over the years and make the best decision to resolve this in a fair manner.

Sincerely,

Misty J. Lane

IN THE DISTRICT COURT OF MAYES COUNTY
STATE OF OKLAHOMA

IN THE MATTER OF THE ESTATE OF  )
MARY JANE CASSEL WOOD,          )
                                )   Case No. PB-2019-35
                     Deceased    )   *Judge Rebecca J. Gore*
                                )

FILED IN THE DISTRICT COURT
MAYES CO. OKLAHOMA
JUN 17 2020
_____ COURT CLERK
BY_____ DEPUTY

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

NOW, on this 9th day of June, 2020, Petitioner, Cary Cassel's Motion for a Temporary Restraining Order comes on for hearing. Upon review and consideration of the record, and arguments presented by counsel, the Court FINDS and ORDERS:

1.      That the property currently occupied by Petitioner and his family is estate property;

2.      That the Petitioner is without power to establish utilities at the estate property;

3.      That the Petitioner and his family are exposed unnecessarily to excessive heat and other potential harm as a result of not being able to establish utilities at the estate property;

4.      That the Administrator has power to establish utilities at the estate property;

5.      That ~~Petitioner and~~ the estate property will likely suffer irreparable harm should the Administrator not be directed to establish utilities at the property; and

6.      That a hearing on the Petitioner's Motion is scheduled by separate order filed on June 9, 2020 to be held at 10:00 a.m., Wednesday, June 17, 2020.

IT IS THEREFORE ORDERED that the Petitioner's Motion for a Temporary Restraining Order is granted, and Misty J Lane is ordered to immediately contact the Municipal Utility Board of Pryor Creek, Oklahoma and take necessary steps to establish utilities in the estate's name at the estate Property pending the outcome of the scheduled aforementioned hearing.

Judge of the District Court

Page 1 of 2

**APPROVED AS TO FORM:**

Mark A. Grober
PO Box 2733
Muskogee, OK 74402-2733
918-682-1100
*Attorney for Administrator*

**APPROVED AS TO FORM:**

s/Paul Gee
Paul Gee
6846 S. Canton Ave., Ste 200
Tulsa, OK 74136
918-493-6464
*Attorney for Petitioner*

**Page 2 of 2**



# Incident Report



**PRYOR POLICE DEPARTMENT**                  CFS #2392391                  Incident #2392391

## Administrative:

Date Reported: 05/20/2020                                                                CFS#: 2392391

Location Address: 705 14TH ST SE

City: PRYOR                                          State: OK    Zip: 74361         District:        Beat:        Grid:

Location:

Occurrence From: 05/20/2020    @ 13:02  To: 05/20/2020    @ 13:32         Day of Week: WED

Status Date: 05/20/2020                    Status: ACTIVE

Type: D02              Description: DOMESTIC DISTURBANCE

Reportee: **DISPATCH,**                                   Address:  214 MILL S

Race: U               Sex: U                                      PRYOR, OK 74361

DOB:                 Offense Age:                  Home Phone: (918)825-1212    Work Phone: ( )  -

                     Current Age:                  Mobile Phone: ( )  -

Source of Call: PHONE          Time Received:  13:02      Time Dispatched: 13:03      Time Arrived:  13:06      Time Cleared: 13:32

Reporting Officer 1 ID:  53          Name: BROWN, SARAH

Reporting Officer 2 ID:  55          Name: WRIGHT, DYLAN

Investigating Officer ID:            Name:

## Offense:

Offense: **ASSAULT & BATTERY**

Statute: 10-501                    Code: CITY                      Penalty:

### Offense M.O.

Type of Location:  RESIDENCE/HOME                     Forced:  No

Point of Entry:                                       Offender Used:  Not Applicable

Method of Entry:                                      Bias Motivation: ANTI-NONE

Family Violence:  Yes                                 Weapons Involved: PERSONAL WEAPONS

## Involved:

Code:  INVOLVED                                       Address: 705 14TH  SE

Name:  **OLLER, CYNTHIA W**                                PRYOR, OK 74361

Race: W               Sex:  F                  Home Phone:                       Work Phone:

DOB:  05/23/1982      Offense Age: 57      Current Age:  58      Mobile Phone:

DL#:  0088714         DL State: LA                Employer:                Occupation:

## Involved:

Code:  INVOLVED                                       Address: 705 14TH  SE

Name:  **CASSEL, PAMELA R**                                PRYOR, OK 74361

Race: W               Sex:  F                  Home Phone:                       Work Phone:

DOB:  03/03/1977      Offense Age: 43      Current Age: 43       Mobile Phone:

DL#:  F081296002      DL State:  OK               Employer:                Occupation:

09/24/2020 10:35                    214 SOUTH MILL PRYOR, OK 74361                    Page  1  of  2



Pryor Police Department
Voluntary Statement

Case =

Page No.    of    Pages

I, _Pamela Casel_ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to Pryor Police Department. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 03/03/77 | Address: 705 SE 141th St | City/State/zip: Hype |
|---|---|---|
| Driver's License #: F0X179600 | SSN: 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 | Phone #: (918) 462-8184 |

On May 20, 2020 My Sister in laws Musty Jane Lane
Came over in Reference to Probate. She and my Husband
were arguing about Probate and the court appeal
and gettin his Ring. I kept listening in on it
and watching out for my husband because he has
been to hospital for stress. Misty kept getting louder
and yelled at husband to quit hitting himself when
She was slapping him on his face. She then went
outside and told her boyfriend and grandson that
Casey Wasn't quit hitting himself. I asked my husband
if he was O.K. He was shaken up. I too
am upset and shaken up.

I certify that the information I have given to law enforcement authorities in the above referenced case is accurate and truthful to the best of my knowledge. I am aware that, if I provide false information to any law enforcement officer regarding the above referenced investigation, I may be prosecuted for a criminal offense. Crimes with which I could be charged may include, but are not limited to, Providing a False Report of a Crime Purportedly Committed (21 O.S. § 589) and Perjury (21 O.S. § 491), both of which are punishable by a fine and/or imprisonment. I may also be financially obligated to reimburse each law enforcement agency for their time and other expenses incurred as a result of my false accusations and/or information. I also understand that the obligation to provide accurate and truthful information is a continuing responsibility which remains constant throughout the investigation of the case and prosecution of any suspects.

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date _May 20, 2020_    Signature _____

Witness _Kenneth Casel_    Witness _____

**Pryor Police Department**
**Voluntary Statement**

Exhibit E    1-1

Case # 22i0-1100

Page No.    of    Pages

I, _____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to <u>Pryor Police Department.</u> Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| | | |
|---|---|---|
| Date of Birth: 12 2 70 | Address: 705 S.E. 14th St. | Phone #: 918 902 8916 |
| Driver's License #: P004884915 | | SSN: 447 70 7928 |

Probate PB-2019-35 Misty Lane filed
and didn't account for and spent
$5,000 from Opers August 2021.
We have evidence of payout and
case to be sent to Judge Shawn
Taylor. Docket disposition came
up showing egregious estate fraud.
Hiding for over a year with
no accounting.
Look at CD Wood - T16064320-SP
(405)858-6737.
Look at example of Probate PB-2019-35
the listed assets and money
Opers put on the list.
Okla. Stat. 58 §293.
Okla Stat 58§23¢
    Judge Shawn Taylor

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 10-26-22    Signature _____

Witness _____    Witness _____

5-8-2021

**Pryor Police Department**
**Voluntary Statement**

Case # 2405178

Page No. 1 of 2 Pages

_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to Pryor Police Department. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 1970 | Address: 705 S E 14th St | Phone #: 918 902 8916 |
| Driver's License #: 004884915 | | SSN: 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 |

— Deprivation of rights under the Color of Law statutes Section 242 of title 18 makes it a crime to willfully deprive a person of a right or priveledge protected by the constitution or Laws of U.S.

— To use victim reports as adviser[al] by the Color of law statutes.

— Police reporting as adviserial due to family dynamics that were criminal Due to state Aps Protective services and petition Not filed by monroe alexander in 2019 on self neglect cases and incapacitation.

— The failure to file 43A-10-108 to engague all State mandatory reporting for vulnerable adults. To district attorney, local police, district court of PG-2019-16.

— I has allowed Misty Lane to use lack of communication from Aps state agency criminal cases to Police, D.A., District court to protect transparancy of previous state cases from being used from a

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-8-2021  Signature _____

Witness 5-8-2021  Witness _____

Perpitreitor trying to Control vulnerable estate adult. Plas reduce to zero inheritance with fraud for $275,000.00 for advantage in court.

5-8-2021

**Pryor Police Department**
**Voluntary Statement**

Case # 2105178

Page No. 1 of 2 Pages

I, _Cory Cassel_ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to **Pryor Police Department**. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 70 | Address: 705 S.E. 14th St. | Phone #: 918 902 8916 |
| Driver's License: 004884915 | | SSN: 447797928 |

H - Failure to report abuse, neglect, exploitation
  10A O.S. § 1-2-101 and 43A O.S. § 10-104

- Terry Allen, Monroe Alexander

(2) 43A O.S. §10-104 willfully knowingly makes
a false report of abuse, neglect,
exploitation of a vulnerable adult may
be liable in a civil action for
damages and for punative damages
by the reported party

— Misty Lane on several occasions.
  I direct police reports

34012-3-33 Procedure for reporting suspected
abuse, neglect, verbal abuse, caretaker misconduct,
and exploitation.

(f) Interference, retaliation, or discrimination, related
to the reporting obligations required by the
Oklahoma Protective Services for vulnerable adults prohibited.

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5 8 2021  Signature _Cory Cassel_

Witness 5-8-2021  Witness _Paula Cassel_

5-8-2021

**Pryor Police Department**
**Voluntary Statement**

Case # 240517B

Page No. 2 of 2 Pages

_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to <u>Pryor Police Department</u>. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12  2  1979 | Address: 705 S. E. 14th St | Phone #: 978 902 8916 |
|---|---|---|
| Driver's License #: 004 884 915 | | SSN: 447 707 9928 |

With multiple false accusations (red flag)
Suppression of states cases (red flags)
Provision for protective services not filed
340-9-5-6   (red flags)
- Aps using relative to take damages w/
proof
- Attorney Terry Allen working in direct
connection to Aps referral. 43A-104-104V2
Not doing mandatory reporting.
- failing client due to several conflicts
of interest and duties.
- Filing civil venue instead of protective
venue has allowed for this to go
on.
- This has allowed for a travesty
of justice
- With criminal perp to go free
Misty Lane

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-8-2021   Signature _____

Witness 5-8-2021   Witness _____

5-8-2021

**Pryor Police Department**
**Voluntary Statement**

Case # 2405178

Page No. 2 of 2 Pages

I, _Cary Cassel_ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to <u>Pryor Police Department.</u> Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 70 | Address: 905 S.E 14th St | Phone #: 918 902 8916 |
| Driver's License #: 004884915 | | SSN: 447 70 7928 |

→ I was alerted from Zack a Assistant district Attorney that Pryor Police was not taking any more police reports from Cary Cassel on different issues. I would like the Department of Justice, OSBI, FBI contacted for a internal investigation on police misconduct/acting in a systematic manner for discrimination. Due to Fraud from Misty Lane of Pensacola Florida. Also lack of reporting crimes to district attorney for probable cause.

→ 34 U.S.C § 12601 failing to Act due to discrimintory harrassment. A pattern of practice allowing supervisor direction to allow other officers to violate conduct to deprive a person of protected rights by the Constitutional laws of the United States. IN many instances over the last 1 ½ years. For Cassel family to take serious erronious damages.

→ Failing to send reports for crimes of probable cause to the district attorney of state mandatory statutes for vulnerable adults guarded by state Laws 43A 09 §10-104

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-8-2021    Signature _Cary Cassel_ (LF)

Witness _____ Cassel 5-8-21  Witness _____

Intervene, retalliation, or discrimination related to the reporting obligations. Required by the State Okla Protective Services for VA adults prohibited

5-8-2021

**Pryor Police Department**
**Voluntary Statement**

Case # 2405178

Page No. 2 of 2 Pages

I, _____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to Pryor Police Department. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 70 | Address: 705 SE. 44 # St | Phone #: 918 902 8916 |
| Driver's License #: 004884915 | | SSN: 447 70 7928 |

— Terry Allen was ex attorney in
PC 2019-16   He was a
direct referral with information on
a state case for a vulnerable adult.

— Terry Allen failed to alert of
state case with abuse, neglect and exploitation
to local police, District Attorney and
District Court.

— On a near death vulnerable adult going
through Protective services with out
filing.

— He had a duty with direct knowledge to
lead to a "frame up" of
state emergency placements without Due
Process

43A - 10 - 104 v2

Contact russel JONES Regional APS
director OKc city

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date 5-8-21   Signature _____

Witness 58-2021   Witness _____


**SaintFrancis**
*Health System*

SAINT FRANCIS HOSPITAL
6161 S YALE AVE
TULSA OK 74136-1902
PROGRESS NOTES

Wood, Mary J
MRN: 8726671, DOB: 10/6/1944, Sex: F
Adm: 7/30/2019, Disch: 8/7/2019

*(handwritten: 1-1)*

---

## Progress Notes - Non-Provider Progress Notes (continued)

### Progress Notes by Tiffany B Neely, PT at 7/31/2019  9:53 AM (continued)

| | |
|---|---|
| Author: **Tiffany B Neely, PT** | Service: — |
| Filed: **7/31/2019 9:53 AM** | Date of Service: **7/31/2019 9:53 AM** |
| Editor: **Tiffany B Neely, PT (Physical Therapist)** | |

Author Type: **Physical Therapist**
Status: **Signed**

| | 07/31/19 0805 |
|---|---|
| **Subjective** | |
| No treatment | Patient treatment held |
| Reason treatment held | Treatment held secondary to pt transfer to ICU secondary respiratory issues;  PT to check on pt later today or tomorrow |

Tiffany B Neely, PT
Ascom #20574
7/31/2019
9:53 AM
Bed # 4506/4506-A

*(handwritten: Misty harassing, harassing hospital)*

*(handwritten: Misty keeping contact, knows medical condition.)*

Electronically Signed by Tiffany B Neely, PT on 7/31/2019  9:53 AM

### Progress Notes by Carolyn E Churchill, RN at 7/31/2019  9:00 AM

| | |
|---|---|
| Author: **Carolyn E Churchill, RN** | Service: **Medical ICU** |
| Filed: **7/31/2019 12:40 PM** | Date of Service: **7/31/2019 9:00 AM** |
| Editor: **Carolyn E Churchill, RN (Registered Nurse)** | |

Author Type: **Registered Nurse**
Status: **Addendum**

Related Notes: Original Note by Carolyn E Churchill, RN (Registered Nurse) filed at 7/31/2019 11:53 AM

Pt has established Temporary Guardian: Cary Cassel.  According to him there is a restraining order against the daughter.  I have not seen the restraining order paperwork at this time, but the Temporary Guardianship is in the chart and in Epic.  The daughter has been advised 3 times today so far to please seek updates from the son, Cary Cassel as I am unable to update her on the pt's information.  Pt daughter then told me that she will have her attorney call for updates.  I contacted house supervisor and pt was made NSNR at the request of the son.

Electronically Signed by Carolyn E Churchill, RN on 7/31/2019 12:40 PM

### Progress Notes by Tiffany B Neely, PT at 7/31/2019  1:31 PM

| | |
|---|---|
| Author: **Tiffany B Neely, PT** | Service: — |
| Filed: **7/31/2019 3:09 PM** | Date of Service: **7/31/2019 1:31 PM** |
| Editor: **Tiffany B Neely, PT (Physical Therapist)** | |

Author Type: **Physical Therapist**
Status: **Signed**

| | 07/31/19 1331 |
|---|---|
| **Subjective** | |

---

Generated by Amanda L Hemric at
4/30/20  2:09 PM

This confidential and privileged
document/information is protected by
federal and state law.  Unauthorized
disclosure, dissemination or duplication
is prohibited.

Page 1333

Cary Cassel
705 Southeast 14th Street
Pryor, Oklahoma 74361
19189028916

September 02, 2019

Misty Lane
1204 Wisteria Ave.
Persacola, Florida 32507
8506074953

**RE:** Cease & Desist from Harassment

Dear Misty Lane:

I am writing you this letter to document a period of harassment I received from you starting March 15, 2019. Such conduct has caused me to suffer severe humiliation, embarrassment, emotional distress, and physical discomfort.

Contacting personal accounts, trying to receive information for financial gain, trying to enter a personal storage to deprive of personal possessions forever, getting account information for malicious prosecution.

I demand that you cease and desist from this activity as soon as possible and, in any event, within 0 days from your receipt of this letter. If action is not taken by you to cease and desist within the given time frame, I will have no choice but to take appropriate legal action against you.

Sincerely,

Cary Cassel

Cary Cassel
705 Southeast 14th Street
Pryor, Oklahoma 74361
19189028916

September 02, 2019

Stevens Funeral Home, Red Crown Bank, Bok, Key Storage, Allstate Ins,  Sibling Usa, Opers,
Health Choice, Va, Or Transamerica.
Etc.

**RE**: Cease & Desist from Harassment

Dear Listed Respective Comapines:

I am writing you this letter to document a period of harassment I received from Misty Lane and
Lauren Stedman starting March 15, 2019. Such conduct has caused me to suffer severe
humiliation, embarrassment, emotional distress, and physical discomfort.  They are
trying to commit fraud by identity theft.  I will be filing a report with the local police, Ftc, and Irs
concearning these actions.  If the persons contact you about my accounts please make a report
and contact me for additions poice reports for my emergency protective order.  918-902-8916
With a date and time.

Contacting personal accounts, trying to receive information for financial gain, trying to enter a
personal storage to deprive of personal possessions forever, getting account information for
malicious prosecution.

I demand that you cease and desist from giving any personal account information as soon as
possible and, in any event, within 0 days from your receipt of this letter. If action is not taken by
you to cease and desist within the given time frame, I will have no choice but to take appropriate
legal action against you. If you would like to contact my attny call 918-553-3333

Sincerely,

_____
Cary Cassel

*Paul Gee*

✱ IN question to Mary Jane Wood
account. The beneficiary is
Carroll Dee Wood he passed on
July 15, 2019 his probate Attny is
for his estate. ~~Misty mother is~~
~~Mary Jane.~~



# OKLAHOMA
### State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR MAYES COUNTY, OKLAHOMA

No. PO-2019-00133
(Protective Order: PROTECTIVE ORDER)

CARY D CASSELL V. MISTY J LANE

Filed: 07/24/2019

Judge: STOUT, HONORABLE JACQUELINE

## PARTIES

LANE,  MISTY  J, Defendant
CASSELL,  CARY  D, Plaintiff

## ATTORNEYS

None

## EVENTS

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Wednesday, August 7, 2019 at 2:30PM PROTECTIVE ORDER HEARING | | | |
| Wednesday, August 21, 2019 at 2:30PM PROTECTIVE ORDER HEARING | | | |
| Wednesday, August 28, 2019 DISMISSED/SETTLED | | | |
| Wednesday, September 4, 2019 at 2:30PM PROTECTIVE ORDER HEARING | | | |

## ISSUES

1.  PROTECTIVE ORDER

## DOCKET

IN THE DISTRICT COURT OF MAYES COUNTY
STATE OF OKLAHOMA

Cary Cassel
_____
Petitioner(s),

vs.

Misty Lane
_____
Defendant(s).

FILED IN THE DISTRICT COURT
MAYES CO. OKLAHOMA

AUG 2 8 2019

LAURA WADE, COURT CLERK
BY_____ DEPUTY

Case No.: PO-20 19 - 133

**PETITIONER'S REQUEST TO DISMISS, VACATE, OR AMEND**
[ ] Emergency or Continued Order [ ] Final Order

Trying to work things out
after mommas death on
the 14th, I miss my sister.

Petitioner

Subscribed and sworn to before me this 28 day of Aug , 2019 .

LAURA L. WADE, COURT CLERK

By: Deputy Court Clerk, Judge or Notary

*Remaining Unpaid Balance, including cost of this action:*

$ 144.14 *(plus any additional costs that may be incurred.) Deputy's initials:* CJ

X Court orders: ( ) Final Order vacated, X **COURT ORDER** Emergency / Continued Order dismissed,

( ) Costs to petitioner within ____ days. ( ) Upon payment of court costs by petitioner and/or defendant.
( ) Costs to defendant within ____ days. X Costs suspended.

( ) Court amends order as follows:_____

( ) Court denies plaintiff's request for dismissal. Court orders costs of Motion to Vacate Final
Protective Order ( ) to plaintiff within ____ days / ( ) to defendant within ____ days / ( ) suspended.
Dated this 28 day of August , 20 19 .

Judge

Certified copy to:    ( ) _____ County Sheriff    ( ) _____ Police Department

| PETITION FOR PROTECTIVE ORDER | District Court of __Mayes__ County<br>State of Oklahoma<br>Case No. PO-20 19 - 2l0<br>Court Phone Number (9l8) 825-2185 |
|---|---|
| **Petitioner**<br>C A r y D m C A s s e l<br>First   Middle        Last<br>and/or on behalf of minor family member(s) | **Additional Petitioner information**<br>Name(s) and age(s) of minor family member(s)<br>_____<br>_____<br>_____ |

-VS-

**Defendant**

M i s t y   J a n e   L a n e
First    Middle        Last

Relationship to Petitioner: Sister

Defendant's Address (Street address, City, State, Zip Code)
1207 Wisteria Ave.
Pensacola, Florida 32507

| **Defendant Identifiers** | | | | |
|---|---|---|---|---|
| **SEX** | **RACE** | **DOB** | **HT** | **WT** |
| F | w | | | |
| **EYES** | **HAIR** | **DISTINGUISHING FEATURES** | | |
| | blond | | | |
| **DRIVERS LICENSE #** | | **STATE** | **EXPIRES** | |
| | | FL | | |
| **Other** | | | | |

Petitioner, being sworn, states:

**(Clerk's File Stamp Below)**

**1.  Petitioner's Relationship to the Defendant**

Denied
J. Stu[...]

FILED IN THE DISTRICT COURT
MAYES CO, OKLAHOMA

OCT 1 4 2019

LAURA J WADE, COURT CLERK
BY _____ DEPUTY

**INSTRUCTION: Check all boxes that apply to the relationship between Petitioner and Defendant**

☐Married                              ☐Divorced
☐Parent & Child                     ☒Persons Related by Blood
☐Persons Related by Marriage   ☐Present Spouse of an Ex-Spouse
☐Persons Living Same Household ☐Formerly Living in Same Household
☐Biological Parents of Same Child ☐Persons in a Previous Dating Relationship
☐Victim of Rape

**\* If you do not meet one of the above relationship tests then a protective order is _only_ available if you are a victim of _Stalking_. Under the Protection from Domestic Abuse Act, *"Stalking" means the willful, malicious, and repeated***

2nd Protective order denied

☐The Defendant has threatened* imminent physical harm to: _____
_____(Name(s))

   *According to 22 O.S. §60.1(1), "Threat" means a threat of imminent physical harm
which is committed by an adult, emancipated minor, or minor child thirteen (13) years
of age or older against another adult, emancipated minor, or minor child who are family
or household members or who are or were in a dating relationship.

☑The Defendant has harassed* ___Cory Cassel_____. (Name(s))
   *According to 22 O.S. §60.1(3), "Harassment" means a knowing and willful course or
pattern of conduct by a family or household member or an individual who is or has
been involved in a dating relationship with the person, directed at a specific person
which seriously alarms or annoys the person, and which serves no legitimate purpose.
The course of conduct must be such as would cause a reasonable person to suffer
substantial emotional distress, and must actually cause substantial distress to the
person. "Harassment" shall include, but not be limited to, harassing or obscene
telephone calls in violation of 21 O.S. §1172 and fear of death or bodily injury.

☑The Defendant has stalked* ___Cory Cassel_____. (Name(s))
   *If the Petitioner is a victim of stalking, but is not a family or household member or an
individual who is or has been in a dating relationship with the Defendant, you must file
a complaint against the Defendant with the proper law enforcement agency before
filing a petition for a protective order with the District Court. The Petitioner shall attach
a copy of the complaint to the petition or present the complaint to the court at the time
of the hearing. (See definition of "stalking" in section 1, above)

**4. Description of Incident(s)**

The incident(s) which caused the filing of the petition occurred on or about _9-1-19_
                                             (Date(s))

Describe what happened, when and where the event(s) occurred. List all actions or

behaviors you intend to present to the Court at the hearing.

She tried falsifying info to
break into my storage (key port storage)
She also stated to the employees
that she was coming down to
get into the storage as well.
She made damaging statements online
that caused me emotional distress with multiple

people and public

sites. It
caused me extreme embarrassment. Plus severe
emotional distress. I've had to get counciling.

_I've got police reports and_
_statements plus. Pics of the_
_sites_

**ATTACH ADDITIONAL PAGES IF NECESSARY**

**5. Type of Order Requested**

**INSTRUCTION: Check either A or B**

☑A. Petitioner does not request an Emergency Ex Parte Protective Order but does request the following relief, checked below, after notice and hearing, in a Final Order;

**OR**

☐B. Petitioner does request an Emergency Ex Parte Order because it is necessary to protect the petitioner(s) from immediate and present danger of domestic abuse, stalking, or harassment (22 O.S. §60.3). Petitioner requests the following relief, checked below, in the Ex Parte Order and, after notice and hearing, requests the same relief in a Final Order.

**RELIEF REQUESTED**

**INSTRUCTION: Check EACH item which you are requesting from the Court**

☑1. Defendant should be prohibited from attempting or having **ANY CONTACT** whatsoever with the Petitioner, either in person, through others or by telephone, mail, electronic means, or any other manner, at any time or place unless specifically authorized by the Court.

☑2. Defendant should be prohibited from injuring, abusing, sexually assaulting, molesting, harassing, stalking or threatening the Petitioner, and from use, attempted use or threatened use of physical force against the Petitioner that would reasonably be expected to cause bodily injury.



# Single Dispatch Detail Report
## Include Comments



## PRYOR POLICE DEPARTMENT

| | | | | |
|---|---|---|---|---|
| **Date:** 8/18/2019 | | **CFS#:** 2382554 | | **Dispatcher ID#:** 113 |
| **Signal Desc:** THREATS | | | | |
| **Source:** WALK IN | | **Veh Lic Plate:** | | **Phone:** (000)825-1212 |
| **Location:** 214 MILL S | | | **Apt#:** | **Dist:** |
| **Business:** PRYOR POLICE DEPARTMENT | | | | |

| | | | |
|---|---|---|---|
| **Caller:** CASSEL, CARY | | | |
| **Address:** | | **Apt#:** | |
| **C/S/Z:** PRYOR, OK 74361 | | | **Phone:** (918) - |

| | | | |
|---|---|---|---|
| **Time Received:** 21:26 | | | |
| **Time Dispatched:** 21:39 | | | |
| **Time Arrived:** 21:39 | | **Response Time:** | 13 Min. |
| **Time Cleared:** 21:39 | | **Total Time:** | 13 Min. |

| | | | |
|---|---|---|---|
| **Unit:** 50 | **Off ID:** 50 | FRAZIER, BILLY | **Incident:** No |
| **Unit:** | **Off ID:** | | **Disp. Desc.:** CALL ATTENDED |
| **Unit:** | **Off ID:** | | |

**Comments:**

21:29:27 (113) ---- RP NEEDING TO SPEAK TO AN OFFICER IN REGARDS TO HIS SISTER THREATENING HIM ON FACEBOOK

§ 21-1172    okla statues

8-18-19

( Internet bullying )

21-1172

11/22/2019

Messenger



 Who is Katy Sexton? 

AUG 18, 2019, 7:34 PM

A smart, fitness person

People

Why

She sent me a FB message.

AUG 19, 2019, 2:33 PM

I dont see her on my list. I've seen her on a sports show with the truck

AUG 20, 2019, 12:04 PM

**Ginger missed
your call.**

NOV 1, 2019, 11:21 AM

**August 18,
2019 at 8:12 PM**

NOV 2, 2019, 1:48 AM

Call Again

Ginger can u call me

9189029919

I found out who it

I am out of town right now.

What did they say or all you send lots of messages

Message

    Type a



11/22/2019                                        Messenger

She sent me a FB message.

Ginger missed
your call.

August 18,
2019 at 8:12 PM

AUG 19, 2019, 2:53 PM

AUG 20, 2019, 12:04 PM                        Call Again

NOV 1, 2019, 11:31 AM

I am out of town right now.              NOV 2, 2019, 1:48 AM

↪ Share

**Katy Sexton**   ⋯
Sep 24, 2009 at 7:05 PM · ⊘

my baby and yea he is bad ass on
bass,



2 Comments

11/22/2019                                    Messenger

Page before

hi i dont know how you know Cary don Cassel but he treated his mother like dog crap when she was alive, he is the worst kind of person he had his own mother arrested and put in a mental hospital to get control of her house and assets, he had her taken out of her home and locked away for 2 months while he went through all of her things, her husband Woody was in the hospital at the time, they were both getting older and needed help and he moved in after getting evicted from his house, he moved in with his wife 2 bad kids and 3 mangy dogs, and just took over got a temporary gaudianship and caused so much damaged to that family its a crying shame, and he post stuff like he misses her... OMG, i just had to tell everyone i know the truth behind that crazy maniac, he has a criminal record as long as my leg, he beat up his won mother and father inlaw, then moved in and spent all their money and just left them out in the cold, he told his own mother he was not letting her come back to her own house, after her husband died just a few weeks ago, he wouldnt even take her to see him at the viewing she hadnt seen him in 4 months because he had blocked anyone from contacting her, when she did see him again it was in a casket, and his wife was 45 minutes late getting her to the funeral, i just wanted everyone to know the truth behind this guy, the after he finds out his sister has hired an attorney to get gaudianship he takes her home and 3 days later she's ends up dead, his own mother hated his guts and i have herd the phone recorded messages of her talking to her family members crying asking for help and they were trying to get her out but the courts system is so slow she passed before the court date, and guess who walks away with the prize, but i understand their is an investigation going on and hopefully he will be arrested for fole play, them family is suspecting they did something to her, because she had blood coming from her nose and eyes. please dont feel sorry for people like him he is straight evil, he

11/22/2019

Messenger

Oh good grief! Regardless of how she feels that wasn't the time to bring that up. 😳

11/1/2019                                    Yahoo Mail - Mistys post



## Mistys post

From:  Cary Cassel (casselcary@ymail.com)

To:    casselcary@ymail.com

Date:  Friday, November 1, 2019, 11:29 AM CDT

Personal Review posted on: Jun 25, 2019
I'm sorry but this Guy is the biggest loser in the world, he is a con man, a cheat... a theif... and a no good person I don't know why GOD even let him to walk around on his earth, he is a waste of skin, he put his own mom in a mental hospital just to get her house because he got evicted for he wouldn't give him a dirty penny... he is the lowest form of a human being, preys on innocent people who cant help themselves, he is not to be trusted on any level... he beat up his own mother and father inlaw... that shows you how much of a lowlife he is... he talks a lot of trash about other people to make himself look good... By far one of the worst people I have ever met, hope I never see him again.

Sent from Yahoo Mail on Android



## Single Dispatch Detail Report
### Include Comments



### PRYOR POLICE DEPARTMENT

| | | | |
|---|---|---|---|
| Date: 8/20/2019 | CFS#: 2382622 | | Dispatcher ID#: 113 |

Signal Desc: DOMESTIC DISTURBANCE

Source: PHONE                          Veh Lic Plate:                    Phone: (000)825-4550

Location:   1525 1ST NE                                        Apt#:        Dist:
Business:   STEPHENS MEMORIAL CHAPEL

Caller:     , TARA
Address:                                                Apt#:
C/S/Z:      PRYOR, OK 74361                                   Phone: (918) -

Time Received:   10:59
Time Dispatched: 11:07
Time Arrived:    11:07                                 Response Time:   8   Min.
Time Cleared:    11:25                                 Total Time:     26   Min.

| Unit: 19 | Off ID: 19 | HUMPHREY, TRENT | Incident: No |
| Unit: 40 | Off ID: 40 | ALLEN, JUSTIN | Disp. Desc.: CALL ATTENDED |
| Unit: 41 | Off ID: 41 | VANCE, JARED | |

Comments:
11:00:13 (113) ---- RP IS REQ AN OFFICER // ADV THERE IS A VERBAL DISPUTE BETWEEN SIBLINGS
11:24:55 (113) ---- #40 ADV 10-98

(M.3H)

✗ wanting body exumed

✗ sister had officers at funeral to open up jewelry boxes w/ no value.

8-20-19

§ 21-281
False Reporting

- Moms. Tax accountant was there with misty

✗ accountant withholding 5 yrs of back taxes Not filed.

misty called police downgraded



# Single Dispatch Detail Report
## Include Comments



## PRYOR POLICE DEPARTMENT

| | | |
|---|---|---|
| **Date:** 7/16/2019 | **CFS#:** 2380941 | **Dispatcher ID#:** 116 |
| **Signal Desc:** HARASSMENT | | |
| **Source:** PHONE | **Veh Lic Plate:** | **Phone:** (918) - |
| **Location:** 705 14TH ST SE | **Apt#:** | **Dist:** |
| **Business:** | | |

| | | |
|---|---|---|
| **Caller:** CASSEL, CARY | | |
| **Address:** 705 14TH ST SE | **Apt#:** | |
| **C/S/Z:** PRYOR, OK 74361 | | **Phone:** (918)902-8916 |

| | |
|---|---|
| **Time Received:** 13:20 | |
| **Time Dispatched:** 13:31 | |
| **Time Arrived:** 13:36 | **Response Time:** 16 Min. |
| **Time Cleared:** 13:55 | **Total Time:** 35 Min. |

| | | | |
|---|---|---|---|
| **Unit:** 11 | **Off ID:** 11 | CRITTENDEN, RICHARD | **Incident:** Yes 2380941 |
| **Unit:** 19 | **Off ID:** 19 | HUMPHREY, TRENT | **Disp. Desc.:** CALL ATTENDED |
| **Unit:** | **Off ID:** | | |

**Comments:**
13:21:42 (116) ---- RP ADV HIS SISTER MISTY LANE HAS BEEN HARASSING HIM AND THEIR MOTHER WHOM RP HAS GAURDIANSHIP OVER //
REQ AN OFFICER TO LISTED TO TAKE STATEMENT
13:49:35 (116) ---- CODE 4
13:55:14 (116) ---- UNITS 10-8 WITH REPORT





## Voluntary Statement

Case # _____

Page No. ___ of ___ Pages

I, _Cary Cassel_____ am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to ~~Pryor Police Department~~. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve. My information is accurate as listed here:

| Date of Birth: 12 2 1970 | Address: 705 S.E. 14th | Phone #: 918 902 8916 |
|---|---|---|
| Driver's License #: 004384915 | | SSN: |

I've recieved threataing email or texts and harassing. From Misty Lane and Lauren Stedham. I reported the incedent to pryor police several times without any action. She tried to break into my storage and get personal account information from the manager, (at keyport storage) to commit identity theft. Misty lane and Lauren Stedham has committed several cyber bully crimes against my family and me. Lauren Stedham has physically threatened me with text messages. They constantly contact personel accounts to get personal sensative info to commit identity theft I feel threatened for my family and my life. I need a protective order to make it stop. Please help me.

I have read each page of this statement consisting of _____ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Date_____ Signature_____

Witness _____ Witness_____



# Single Dispatch Detail Report
## Include Comments

N 1-1

## ⌐R POLICE DEPARTMENT

| | | |
|---|---|---|
| Date: 8/16/2019 | CFS#: 2382462 | Dispatcher ID#: 113 |

Signal Desc: HARASSMENT

| | | | |
|---|---|---|---|
| Source: WALK IN | Veh Lic Plate: | | Phone: (000)825-1212 |
| Location: 214 MILL S | | Apt#: | Dist: |
| Business: PRYOR POLICE DEPARTMENT | | | |

| | | | |
|---|---|---|---|
| Caller: CASSEL, CARY | | | |
| Address: 705 14TH ST SE | | Apt#: | |
| C/S/Z: PRYOR, OK 74361 | | | Phone: (918)902-8916 |

| | | |
|---|---|---|
| Time Received: 16:33 | | |
| Time Dispatched: 16:33 | | |
| Time Arrived: 16:33 | | Response Time: 0 Min. |
| Time Cleared: 16:41 | | Total Time: 8 Min. |

| | | | |
|---|---|---|---|
| Unit: 54 | Off ID: 54 | GILBERT, MATTHEW | Incident: No |
| Unit: | Off ID: | | Disp. Desc.: CALL ATTENDED |
| Unit: | Off ID: | | |

Comments:

16:29:00 (113) --- RP ADV HIS SISTER IS HARASSING HIM OVER THE PHONE IN REGARDS TO HIS MOTHERS FUNERAL
16:35:52 (113) --- #54 ADV IT WILL BW A LOG ENTRY ONLY

§ 21-1172   ohla statoes

8-16-19